BUTTE ELECTRIC RAILWAY CO., APPELLANT, *v.* MATHEWS ET AL., RESPONDENTS.

(No. 2,312.)

(Submitted November 8, 1906. Decided November 12, 1906.)

*Condemnation Proceedings — Evidence — Exclusion—Harmless Error—Judgment—Interest—Instructions.*

Condemnation Proceedings—Evidence—Exclusion—Harmless Error.
  1.  Where, in a proceeding to condemn a right of way across a mining claim for street railway purposes, the plaintiff company had offered in evidence a written offer made to defendants to construct at its own expense a tramway for their use in working their claim and to do other things to minimize the damage resulting from the taking of the way, which offer was excluded, but subsequently the manager of plaintiff testified without objection to the same offer in substance, the error in excluding the prior offer, if error, was cured and not prejudicial.
Same—Damages—Interest—Instructions—Judgment Must Conform to Verdict.
  2.  In a proceeding for the condemnation of a right of way across a mining claim for street railway purposes, the court instructed the jury that the compensation and damages to be assessed should be deemed to have accrued at the date of the summons, etc., and also that interest should be allowed upon the amount found by them from the day plaintiff took possession of the premises. The jury found the "total amount" to be awarded to defendants to be twelve hundred dollars. The court in entering judgment added interest on that amount. *Held,* under section 1102 of the Code of Civil Procedure, that in entering judgment it was the duty of the court to follow the verdict, and that the allowance of interest by it was error, the verdict indicating that the jury had followed the instruction and made all allowances, including interest, to which they thought defendants entitled.

Action for Recovery of Money—Interest—Judgment—District Courts.
    3.  *Obiter:* If the jury in an action for the recovery of money should
find, under section 1102 of the Code of Civil Procedure, the amount
to which defendant is entitled, and specify in the verdict that the
amount so found should draw interest from a certain date, the court
may compute such interest and include it in the judgment upon the
principle that that which can be made certain must be regarded as
certain.

*Appeal from District Court, Silver Bow County; Geo. M. Bourquin, Judge.*

PROCEEDINGS for the condemnation of property by the Butte Electric Railway Company against H. K. Mathews and others. From a judgment in favor of defendants, and an order denying it a new trial, plaintiff appeals. Modified and affirmed.

*Mr. W. M. Bickford,* and *Mr. George F. Shelton,* for Appellant.

The allowance of interest by the court was erroneous. If the jury disobeyed the instruction of the court as given, it was the duty of the court, upon proper application for a new trial, to have set aside the verdict as against law. So long, however, as the verdict was permitted to stand, no judgment could be entered for an amount in excess of the verdict. (*Hallum* v. *Dickinson,* 47 Ark. 120, 14 S. W. 478; *Hallberg* v. *Brosseau,* 64 Ill. App. 520; *Carter* v. *Christie,* 1 Kan. App. 604, 42 Pac. 256; *Southern Kan. Ry. Co.* v. *Showalter,* 57 Kan. 686, 47 Pac. 831; *Parker* v. *Lake Shore etc. R. Co.,* 93 Mich. 607, 63 N. W. 834; *Wright* v. *Seeley,* 96 Mich. 491, 56 N. W. 86; *Houston* v. *Potts,* 64 N. C. 41; *Akin* v. *Jefferson,* 65 Tex. 137; *Smith* v. *Smith,* 10 Tex. Civ. App. 485, 32 S. W. 28; *Freiberg* v. *Brunswick-Balke-Collender Co.* (Tex. App.), 16 S. W. 784.)

In a proceeding for the condemnation of property, under the eminent domain statute, the party seeking to condemn has a right to minimize the damages by the construction and erection of bridges, trestles, or other structures, by which the loss and injury to the owner of the property may be reduced. (*Hayes* v. *Ottawa etc. Ry. Co.,* 54 Ill. 373; *Chicago etc. Ry. Co.* v. *Joliet*

*etc. Ry. Co.*, 105 Ill. 388, 44 Am. Rep. 399; *Lyon* v. *Hammon etc. Co.*, 167 Ill. 527, 47 N. E. 775; *Kansas City etc. Ry. Co.* v. *Kregelo*, 32 Kan. 608, 5 Pac. 15; *McGregor* v. *Equitable Gas Co.*, 139 Pa. St. 230, 21 Atl. 13; *Tyler* v. *Town of Hudson*, 147 Mass. 609, 18 N. E. 582; *Elgin etc. Ry. Co.* v. *Fletcher*, 128 Ill. 619, 21 N. E. 577; *St. Louis etc. Ry. Co.* v. *Clark*, 121 Mo. 169, 25 S. W. 192, 906, 26 L. R. A. 751; *Oregon Ry. etc. Co.* v. *Owsley*, 3 Wash. 38, 13 Pac. 186; *Packard* v. *Bergen Neck Ry. Co.*, 54 N. J. L. 553, 25 Atl. 506; *St. Louis etc. R. Co.* v. *Postal Tel. Co.*, 173 Ill. 508, 51 N. E. 382; *Mobile etc. Ry. Co.* v. *Postal Tel. Co.*, 76 Miss. 731, 26 South. 370, 45 L. R. A. 223; *Houston etc. Ry. Co.* v. *Postal Tel. Cable Co.*, 18 Tex. Civ. App. 502, 45 S. W. 179.)

The court erred in permitting defendant's witnesses to testify as to the value of the ground before they were qualified, and erred in permitting their testimony to stand after they had disqualified themselves from testifying as to the market value of the land. (*Watson* v. *Colusa-Parrott M. & S. Co.*, 31 Mont. 522, 79 Pac. 14; *Teerpening* v. *Corn Exchange Ins. Co.*, 43 N. Y. 279; *Connecticut Mutual L. Ins. Co.* v. *Lathrop*, 111 U. S. 612, 4 Sup. Ct. 533, 28 L. Ed. 536; *Combs* v. *Agricultural D. Co.*, 17 Colo. 146, 31 Am. St. Rep. 275, 28 Pac. 966; *Morehouse* v. *Mathews*, 2 N. Y. 514; *Conner* v. *Stanley*, 67 Cal. 316, 7 Pac. 723; *Rauch* v. *New York etc. Ry. Co.*, 17 N. Y. St. Rep. 401, 2 N. Y. Supp. 108; *Ferguson* v. *Hubbell*, 97 N. Y. 507, 49 Am. Rep. 544; *Page* v. *Hazard*, 5 Hill, 603; *Allen* v. *Stout*, 51 N. Y. 668; *Wichita etc. Ry. Co.* v. *Kuhn*, 38 Kan. 675, 17 Pac. 322.)

*Mr. C. M. Parr*, for Respondents.

Interest upon the assessed value of damages by a jury where the date of entry and possession is fixed and admitted is a question of law for the court, and need not be submitted to the jury; for no disputed questions of fact are involved. (*Lough* v. *Minneapolis etc. Ry. Co.*, 116 Iowa, 31, 89 N. W. 77.)   Interest must be computed from time of entry and possession. (*Seldon* v. *James*, 6 Rand. 465; *Delaware etc. Ry. Co.* v. *Burson*, 61 Pa.

St. 369; *Philadelphia etc. R. R. Co.* v. *Gesner*, 20 Pa. St. 240; *Phillips* v. *South Park Commrs.*, 119 Ill. 626, 10 N. E. 237; *City of Chicago* v. *Palmer*, 93 Ill. 125; *Illinois etc. R. R. Co.* v. *Mc-Clintock*, 68 Ill. 296; *City of Chicago* v. *Barbian*, 80 Ill. 482; *Lough* v. *Minneapolis etc. Ry. Co.*, 116 Iowa, 31, 89 N. W. 77; *Pegler* v. *Inhabitants of Hyde Park*, 176 Mass. 101, 57 N. E. 327; *Bellingham Bay etc. Ry. Co.* v. *Strand*, 14 Wash. 144, 44 Pac. 140. See, also, *Hayes* v. *Chicago etc. Ry. Co.*, 64 Iowa, 753, 19 N. W. 245; *Hollingsworth* v. *Des Moines etc. Ry. Co.*, 63 Iowa, 443, 19 N. W. 324; *Hartshorn* v. *Burlington etc. Ry. Co.*, 52 Iowa, 613, 3 N. W. 648.)

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

This action was brought by the plaintiff corporation, which owns and operates a street railway in the city of Butte, to condemn a strip of land across the Eveline quartz lode mining claim for right of way purposes. The strip is 60 feet in width by 301.7 feet in length on one side, and 298.3 on the other. The action was commenced and summons issued on June 6, 1901. Prior to that date and on October 15, 1900, the plaintiff, by consent of the owners of an undivided two-thirds interest in the claim, had entered into possession of the right of way strip, and having constructed its road, was in possession at the time the action was brought. All the parties defendant appeared in the case, but the appellants only, representing the remaining undivided one-third interest, filed answers, and, there being no issue of fact presented, the court appointed three commissioners to assess the amount of damages. When their report was filed, the answering defendants appealed from the award. A trial in the district court resulted in the following verdict: "We, the jury in the above-entitled cause, find as follows: That the interest of the answering defendants in the property sought to be appropriated is of the value of $800 dollars; that the damages suffered by the answering defendants in the portion not

sought to be condemned, by reason of its severance from the portion sought to be condemned, is $400 dollars; that the interest of the answering defendants will be benefited by the construction of the improvements of the plaintiff in the sum of ——— dollars. The total amount awarded to the answering defendants being $1,200.'' Thereupon judgment was entered for the sum so found, with interest from October 15, 1900, the date at which the plaintiff entered into possession. Plaintiff has appealed from the judgment and an order denying it a new trial.

The contentions made in this court are that the evidence is insufficient to justify the verdict, and that the court erred in excluding certain evidence, and in allowing interest on the amount of the verdict from October 15, 1900.

1. It is said that there is no evidence in the record to sustain a finding that the value of the portion of the claim taken exceeded $1,000, or that the damage to the portion not taken exceeded $480, and hence that the damages recoverable by the defendants should not in any event have been fixed at any greater amount than one-third of the sum of these two amounts, to-wit, $493.33. We shall not enter upon a review or analysis of the evidence. We have examined it, and while it is not entirely satisfactory, we think there is sufficient competent evidence in the record to sustain the finding of the jury, and that we should not disturb it.

2. The contention is made that the court erred in excluding from the evidence a written offer made by plaintiff at the hearing before the commissioners to construct across the right of way taken, at its own expense, a tramway for the use of the defendants in removing and dumping debris from their workings upon the property, so as to minimize the damage resulting from the taking. Assuming, without deciding, that this evidence was competent and relevant, the ruling of the court was without prejudice, for the reason that subsequently during the trial the manager of the plaintiff testified, without objection, to the same offer, in substance, namely, that the company would construct the tramway at its own expense. He further testified that the

company would also build cribbing along the right of way, so as to render the injury to the dumping ground as little as possible. This testimony supplied, in substance, the evidence excluded by the ruling of the court, and it was doubtless considered by the jury in fixing the amount of damages. For this reason we think there was no error in the ruling.

3. The court instructed the jury that, for the purpose of assessing the compensation and damages, the right thereto should be deemed to have accrued at the date of the summons, and that the actual value at that date should be the measure of compensation for all the property taken, as well as for that not taken, but injuriously affected by the taking. The jury were also directed to allow interest upon the amounts so found from October 15, 1900, the date the plaintiff took possession. The first sentence of the instruction is taken, in substance, from section 2222 of the Code of Civil Procedure. That section further provides that, in case an order is made letting the plaintiff into possession, as provided in section 2229, the compensation and damages awarded shall draw lawful interest from the date of the order.

Section 2229 provides: "At any time after the report and assessment of damages of the commissioners has been made and filed in the court and either before or after appeal from such assessment or from any other order or judgment in the proceedings, the court or any judge thereof at chambers, upon application of the plaintiff, shall have power to make an order that upon payment into court for the defendant entitled thereto of the amount of damages assessed, either by the commissioners or by the jury, as the case may be, the plaintiff be authorized, if already in possession of the property of such defendant sought to be appropriated, to continue in such possession; or, if not in possession, that the plaintiff be authorized to take possession of such property and use and possess the same during the pendency and until the final conclusion of the proceedings and litigation. * * * * " Whether such order as is contemplated by this section was made does not appear. The theory of the instruction,

however, is that, since the plaintiff took possession on October 15, 1900, the defendants should be allowed interest from that date, under section 2222. The correctness of this theory is not questioned, but the contention is made that the court had no power to direct judgment for any other sum than that mentioned in the verdict and we think this contention must be sustained.

Section 1102 of the Code of Civil Procedure provides: "When a verdict is found for the plaintiff in an action for the recovery of money, or for the defendant when a counterclaim for the recovery of money is established exceeding the amount of the plaintiff's claim as established, the jury must also find the amount of the recovery." This is a clear direction that the jury must find the amount of the verdict, and evidently the jury in this case did, for the concluding language of the verdict is: "The total amount awarded to the answering defendants being $1,200"; thus indicating that the jury followed the instructions given by the court, and made all allowances to which defendants were entitled. Furthermore, "there is no principle of law more firmly established than that the judgment must follow and conform to the verdict or findings." (11 Ency. of Pl. & Pr. 905. See, also, *Frohner* v. *Rodgers*, 2 Mont. 179; *Kimpton* v. *Jubilee Placer Min. Co.*, 16 Mont. 379, 41 Pac. 137.)

If the jury had found the amounts to which the defendants are entitled, and had specified that these amounts should draw interest from October 15, 1900, upon the principle that that which can be made certain must be regarded as certain, the court might very well have computed the interest, and included it in the judgment; but such was not the case, and the only thing left for the court to do was to render judgment for the amount found by the jury, leaving it to the defendants, if they were not satisfied, to move for a new trial on the ground that the verdict did not follow the instructions of the court. But since the jury evidently intended that its findings should include all the allowances to which defendants were entitled, we do not think that even this contention would have been meritorious.

The other errors assigned in the record were not argued nor pressed for decision, and we do not think them meritorious. The order denying a new trial is affirmed.

It is ordered that the cause be remanded to the district court, with directions that the judgment be modified by striking out the interest allowed by the court, and, when so modified, that it be affirmed.

*Modified and affirmed.*

MR. JUSTICE HOLLOWAY concurs.

MR. JUSTICE MILBURN, not having heard the argument, takes no part in the foregoing decision.