HELENA POWER TRANSMISSION CO., APPELLANT, v. SPRATT ET AL., RESPONDENTS.

(No. 2,741.)

(Submitted December 17, 1909. Decided January 3, 1910.)

[106 Pac. 5.]

*Condemnation Proceedings—Appeal to District Court—Award by Jury—Judgment—Interest.*

1. From the award made by commissioners in condemnation proceedings, an appeal was taken to the district court. The jury there returned a verdict in favor of defendants for an amount in excess of the award by the commissioners. No instruction had been given them as to the allowance of interest. The court entered judgment, adding: interest at eight per cent per annum from the date of the order admitting plaintiff company into possession of the property. *Held,* that the matter of interest was one regulated by statute (Revised Codes, sec. 7342), with which the jury could not properly have anything to do, there not having been any disputed question of fact relating to it, and that therefore the court in its judgment correctly added interest.

*Appeal from District Court, Lewis and Clark County; J. M. Clements, Judge.*

CONDEMNATION PROCEEDINGS by the Helena Power Transmission Company against Augustus N. Spratt and wife. From so much of the judgment as awarded interest, plaintiff appeals. Affirmed.

*Messrs. Carpenter, Day & Carpenter,* and *Mr. Wm. Wallace, Jr.,* for Appellant, submitted a brief. *Mr. E. C. Day* argued the cause orally.

*Messrs. Gunn & Rasch,* filed a brief in behalf of Respondents. *Mr. M. S. Gunn* argued the matter orally.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

In 1907 the Helena Power Transmission Company commenced an action against Augustus N. Spratt, his wife, and others, to condemn certain lands for a reservoir site. Commissioners were appointed, who fixed the amount of damages to be awarded Spratt and wife at $19,270.15. This amount was paid into court and apparently drawn down by Spratt and wife, and an order of court was then made continuing the plaintiff in possession of the property until the final determination of the proceedings. Both parties appealed to the district court from the award. The question of damages was submitted to a jury, which found in favor of Spratt and wife for $31,285, and judgment was thereupon entered for $12,014.85, the difference between the amount awarded by the commissioners and the verdict of the jury, and this judgment provided that the amount thereof should draw interest at the rate of eight per cent per annum from July 17, 1907, the date of the order admitting plaintiff to possession. From so much of the judgment as allows interest, the plaintiff appealed.

It is said that the question now raised was settled by this court in *Butte Electric Ry. Co.* v. *Mathews,* 34 Mont. 487, 87 Pac. 460, but in this counsel for appellant are mistaken. In the *Mathews Case* the jury were instructed to allow interest on the amount of their award. The verdict returned reads: "The total amount awarded to the answering defendants being $1,200." Under those circumstances we held that the district court could not allow interest, since presumably the jury had done so under the instruction of the court. Beyond this it was not intended to go. In the present instance the jury were not instructed to allow interest, and, under such circumstances, the question is fully determined by our Codes.

Section 7344, Revised Codes, provides for the trial on appeal from the award of the commissioners. Section 7349 provides. for the order letting the plaintiff into possession of the property sought to be condemned pending the determination of the proceedings; and section 7342 provides: "If an order be made letting the plaintiff into possession as provided in section 7349, the compensation and damages awarded shall draw lawful in-

terest from the date of such order." These provisions we deem conclusive. But the suggestion is made that, if the respondents here desired interest upon the amount of the verdict, an instruction to the jury to make such allowance should have been requested. There was not any disputed question of fact relating to interest for the jury to pass upon. Interest is allowed by the statute, and with such allowance the jury could not properly have anything whatever to do. It was merely a matter for the court under section 7342 above. (*Lough* v. *Minn. & St. L. R. Co.*, 116 Iowa, 31, 89 N. W. 77; *Hollingsworth* v. *Des Moines & St. L. R. Co.*, 63 Iowa, 443, 19 N. W. 325; *Bellingham Bay & B. C. R. Co.* v. *Strand*, 14 Wash. 144, 44 Pac. 140.) Interest is allowed by the statute as compensation for the use and occupation of the premises under the order allowing the plaintiff to take possession.

We do not find any error in the record. That portion of the judgment from which the appeal is taken is affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE SMITH concur.