MORSE, APPELLANT, *v.* MORSE, RESPONDENT.

(No. 8472.)

(Submitted December 11, 1944. Decided January 17, 1945.)

[154 Pac. (2d) 982.]

*Messrs. Wm. R. Taylor* and *Horace J. Dwyer,* for Appellant, submitted a brief; *Mr. Taylor* argued the cause orally.

*Mr. J. B. C. Knight,* for Respondent, submitted a brief and argued the cause orally.

HONORABLE A. J. HORSKY, District Judge, sitting in place of Mr. Justice ERICKSON, disqualified, delivered the opinion of the court.

On November 2, 1935, plaintiff was granted a divorce from defendant by the District Court of the Third Judicial District. Plaintiff alleged in her complaint that defendant was able-bodied, and had a net income of $250 per month; that she was without means to provide for her support and that of the three

minors, issue of said marriage; that a reasonable sum for such support was $90 per month; and prayed that defendant be required to pay such sum. Defendant appeared in said suit by demurrer.

Prior to hearing of said cause, J. B. C. Knight, Esq., representing defendant, and Wm. R. Taylor, Esq., representing plaintiff, agreed that, in addition to other allowances, defendant pay $15 per week for the support of plaintiff and said minors.

On November 2, 1935, defendant's demurrer was overruled, and defendant refusing to plead further, his default was duly entered. Said cause was then presented and proof submitted, and the court made findings of fact and conclusions of law and thereupon entered judgment.

The findings of facts and conclusions of law material to this appeal read as follows: "That the said defendant is an able-bodied man, able to work, and plaintiff has no means with which to provide for, maintain and support herself and minor children, and that the sum of Fifteen Dollars ($15.) a week is a reasonable sum to be paid to the plaintiff for the support of plaintiff and said minor children;" and "That the payment of Fifteen Dollars ($15.) a week by the defendant, and the furnishing of the family home and light, heat and water for the same will approximate a payment by the defendant to the plaintiff for the support of herself and children of the sum of One Hundred Twenty-five Dollars ($125.)" The decree granted the divorce upon the ground stated in the complaint and provided that plaintiff receive $15 each Monday, starting November 4, 1935, for the care, maintenance and education of said minors until the further order of the court.

On May 22, 1943, plaintiff claimed she first learned said sum had not been ordered paid for her benefit as well as that of said minors. On July 12, 1943, plaintiff served upon said defendant and filed notice of motion to amend decree and judgment, based upon the records, files, proceedings and affidavit of defendant's attorney, by certain insertions which would cause the decree to read as follows: "It is further ordered, and this does order,

that the defendant, John P. Morse, pay to the Clerk of this Court for the support of plaintiff and for the care, maintenance and education of the minor children of plaintiff and defendant the sum of Fifteen Dollars ($15.) a week * * *''

Counsel for defendant in his affidavit says that he prepared the decree and judgment entered in said action and that through his inadvertence and mistake he omitted and neglected to state in said decree and judgment that the $15 per week payment awarded plaintiff was in payment of the support of plaintiff as well as being in payment for the care, maintenance and education of the minor children of the parties, as had been previously agreed upon by the parties and their respective counsel.

Said motion to amend was heard on July 24, 1943, and taken under advisement. On August 28, 1943, the Court denied plaintiff's motion to amend said decree and judgment. It is from this order that plaintiff has appealed.

Plaintiff assigns as error the denial by the court of her motion to amend the decree and judgment. In support of this specification of error she argues that by the granting of her motion the amendment requested would make the decree and judgment speak the truth as to what was actually determined and intended to be determined and done.

On the other hand, respondent contends that to allow this amendment would offend the well-settled rule that an amendment of a judgment or decree will not be permitted where the effect of it is to set aside a judgment or decree actually rendered or to change the rights fixed by it as originally intended and made. With the latter contention we are not at all impressed.

It clearly appears from the complaint, findings of fact and conclusions of law incorporated in the judgment and by the affidavit of defendant's attorney in said cause, as well as the agreement entered into between the parties, that plaintiff as well as the minor children of the parties was to share in the $15 a week payment provided for in the judgment.

The relief asked for here is to make the judgment speak the

truth, to truly express what was actually decided, but by mistake and inadvertence of counsel was omitted from the judgment.

The question here involved was canvassed and decided in the case of *State ex rel. Kruletz* v. *District Court,* 110 Mont. 36, 98 Pac. (2d) 883, 885, from which we quote the following pertinent language:

"But the sole permissible purpose of such amendment is to correct an error which has crept into the judgment by reason of misprision on the part of the clerk, judge or counsel, and is apparent on the face of the record, so that the judgment will truly express what was actually decided or intended to be decided and will grant the relief originally intended to be granted, together with the relief following therefrom by reason of law; but not to set aside a judgment actually rendered (except on motion for new trial) nor to change the rights fixed by it as originally intended and made (cases cited). * * *

"The test is whether on the one hand the change will make the record speak the truth as to what was actually determined or done, or intended to be determined or done by the court, or whether, on the other hand, it will alter such action or intended action.

"Where the amendment comes within the permissible class as above noted, there would seem to be no reason, nor any supportable precedent, limiting by time or term the court's right to correct its record; for if the power is to be effective and do justice to parties and public, it must continue until the error is called to the court's attention and corrected. Thus, in the cases cited above, proper correction of the record or judgment was approved, whether made immediately, or several months or years later."

To deny relief in this case would be to say in effect that a judgment could stand, though admittedly it is not supported in a substantial particular by the findings of fact and conclusions of law. "There is no principle of law more firmly established than that the judgment must follow and conform to the verdict, decision, or findings in all substantial par-

ticulars.'' (33 C. J. p. 1169, sec. 106; *Butte Electric R. Co.* v. *Mathews,* 34 Mont. 487, 87 Pac. 460.)

We have no quarrel with the law as set forth in the authorities cited by defendant in support of his position in this case. In the main they have no application to the facts here. Furthermore, the rule is recognized in these authorities that the court possesses the power to amend its judgments to conform to what was actually ordered and decided. We quote from one of them, Freeman on Judgments, 5th Ed., section 141: ''To entitle a party to an order amending a judgment, order, or decree, ordinarily, he must establish that the entry as made does not conform to what the court ordered.''

Defendant also argues that since the children of the parties are now of age, the amendment of the judgment would have the effect of setting aside the judgment actually rendered, and substituting another judgment granting plaintiff $15 per week for her sole support. With this contention, likewise, we do not agree. We are thoroughly conscious of the fact that the power to amend should not be confounded with the power to create. However, the effect of the amendment here is to make the decree speak the truth, and that power is inherent in every court of record even of its own motion.

The argument advanced by defendant that the amendment if made would materially change the decree and require him to pay large sums in the future for the sole support of the wife fails to take into consideration the fact that in the decree the court provided that the $15 per week payment should be made until the further order of the court and the further fact that under our statute where a divorce is granted for an offense of the husband the court may compel him to provide for the wife and children of the marriage and the court may ''from time to time, modify its orders in these respects.'' (Sec. 5771, Revised Codes 1935; *Boles* v. *Boles,* 60 Mont. 411, 199 Pac. 912; *State ex rel. Tong* v. *District Court,* 109 Mont. 418, 96 Pac. (2d) 918.)

The order is reversed and the cause is remanded with directions to amend the decree in conformity with plaintiff's motion.

510

Mr. Chief Justice Johnson and Associate Justices Morris and Adair, and Honorable R. M. Hattersley, District Judge (sitting in place of Associate Justice Anderson, disqualified), concur.