FRANCIS, Respondent, *v.* HEIDEL, Appellant.

(No. 7,656.)

(Submitted May 10, 1937.   Decided June 1, 1937.)

[68 Pac. (2d) 583.]

*Messrs. Speer & Hoffman* for Appellant, submitted a brief; *Mr. Harvey B. Hoffman* argued the cause orally.

582

*Mr. Lester H. Loble* and *Mr. Hugh R. Adair,* for Respondent, submitted a brief; *Mr. Adair* argued the cause orally.

MR. JUSTICE STEWART delivered the opinion of the court.

This is an appeal from a judgment of the district court of Lewis and Clark county in an action for damages for personal injuries sustained in an automobile collision. Judgment was for plaintiff after verdict of a jury. Motion for new trial was denied and appeal from the judgment perfected.

Briefly stated, the facts are as follows: Gladys Francis, plaintiff and respondent, was riding as a guest in an automobile driven by a friend. On the evening of the accident this car with four passengers, including the plaintiff, was proceeding eastward on the public highway on what is known as the "East Helena Road." As it approached a driveway leading from a nearby ranch house to the highway, a car driven by defendant, appellant, came onto the highway from this side road and a collision occurred, with the resulting injuries to plaintiff. A more elaborate statement of the facts and details of the acci-

dent is unnecessary, in view of the limited scope of the assignments of error.

Appellant urges four assignments of error, all of which involve alleged misconduct of respondent's attorney in introducing the matter of insurance into the case.

Before proceeding to dispose of the assigned errors, we find it necessary to consider a question of appellate practice. In the course of this appeal respondent gave notice to appellant, in accordance with Rule IV of our court rules, of a petition for a suggested diminution of the record. Appellant, through newly employed counsel, served and filed objections to the petition. Hearing on the application was continued until the day of the hearing of this appeal, and all matters were presented together. The suggested diminution consists of a supplemental transcript containing the proceedings on impaneling and *voir dire* examination of jurors. Since the allowance of the diminution would likely cause the decision to go one way, and its disallowance the opposite, it becomes necessary to rule upon the application at the outset.

Supreme Court Rule No. IV, section 4 (101 Mont. xx), provides for suggestion of diminution of the record by either appellant or respondent. The part applicable here reads as follows: "Respondent may likewise make suggestion of diminution of record in any respect he may deem necessary; whereupon if the suggestion appears to be proper, an order will be made requiring such parts of the record suggested to be certified up by the lower court." The proposed supplemental transcript has already been certified up by the district court, and all that now remains to make it a part of the record on appeal is permission to make a formal filing of it.

It appears to us that the disposal of the assignments of error is so vitally dependent upon, and interwoven with, the proceedings in the selection of jurors, that we cannot with fairness to either the litigants or the trial court decide the appeal without having for consideration a record of the *voir dire* examination. The suggested diminution appears not only proper under

the rules of this court, but actually indispensable to a proper consideration of the appeal.

The proposition that an appellate court will not put a trial court in error on a partial record is so fundamental that a citation of authorities is hardly necessary. We call attention, however, to a few pertinent rules stated by textwriters and adopted by courts. In 3 American Jurisprudence, section 692, page 285, there appears the following: "When appellant brings up enough of the record to show prejudicial error, appellee must, if the error can be overcome by consideration of another part of the record, take the proper steps to enable the court to examine the entire record." 4 C. J. S., Appeal and Error, section 1154, page 1638, states the matter thus: "For a question to be reviewed, the record or the requisite part thereof must contain or set forth such matters relating thereto as will enable the court to determine whether or not there is error in respect thereto. The error complained of must be founded on, or borne out by, the record, which should be in such form as to enable the court to determine the error complained of." It is also interesting to note that "certiorari is sometimes awarded by the court of its own motion for its own satisfaction in order to enable it to affirm a judgment, but never to supply matter to enable the court to reverse a judgment." (4 C. J. S., Appeal and Error, sec. 1135, subsec. c, p. 1613; see generally on the subject, *Glavin* v. *Lane*, 29 Mont. 228, 74 Pac. 406; *Featherman* v. *Granite County*, 28 Mont. 462, 72 Pac. 972; 4 C. J. S., Appeal and Error, sec. 1133 et seq., p. 1609; 3 Am. Jur., sec. 683 et seq., p. 280; 2 R. C. L., sec. 130, p. 154.)

The petition for the diminution of the record is therefore granted, and the supplemental transcript will be considered in the determination of this appeal.

Appellant bases a claim of reversible error upon the ground that respondent's counsel improperly and prejudicially brought before the jury the fact that defendant was protected by indemnity insurance. The objectionable matter arose in this manner: Plaintiff's counsel was examining her with regard to a

certain conversation had with the defendant subsequent to a former trial involving the accident now under consideration. Plaintiff's counsel attempted to obtain from the plaintiff her statement as to what admissions the defendant had made with respect to the accident. Objection was made to this type of questioning, and the objection was overruled. The following statements then came in:

"Witness: He told me that he was sorry that we got hurt. He said he didn't know we were taken to the hospital. He also told me he was sorry we didn't win in the last trial; that he would like to have seen me win. This is the only time I have ever talked with him. I have never seen him any time since.

"Q. Did he make any reference to his insurance company? A. Yes, he said he would have liked to see me get it from the insurance company."

Counsel immediately moved the court to strike out the testimony relating to insurance, and to admonish the jury to disregard it. This the court did. Other references to insurance occurred during the trial without objection.

It is entirely possible that the introduction of the matter of insurance into the case in this manner, in the absence of any further record on the subject, might have amounted to prejudicial and reversible error on the part of respondent. It must be understood, however, that the mere mention of insurance does not in every instance constitute reversible error. The important and controlling question is, How and under what circumstances was it brought into the case? The following cases decided by this court fairly illustrate a few of the possibilities and varying circumstances under which the question has arisen: *Doheny* v. *Coverdale,* ante, p. 534, 68 Pac. (2d) 142; *Meinecke* v. *Intermountain Transp. Co.,* 101 Mont. 315, 55 Pac. (2d) 680; *Vonault* v. *O'Rourke,* 97 Mont. 92, 33 Pac. (2d) 535; *Tanner* v. *Smith,* 97 Mont. 229, 33 Pac. (2d) 547; *Wilson* v. *Thurston Co.,* 82 Mont. 492, 267 Pac. 801; *Robinson* v. *Woolworth Co.,* 80 Mont. 431, 261 Pac. 253; *Wilson* v. *Blair,* 65 Mont. 155, 211 Pac. 289, 27 A. L. R. 1235. The general rule announced in

those cases may be applied to all cases of similar character and should be helpful generally in such matters. Each case, however, must, generally speaking, stand on its own particular facts and incidents and be determined by the manner and circumstances in which the question of insurance was brought into the case. Circumstances vary—likewise will the general rule and its exceptions also vary.

It appears from the supplemental transcript that, after counsel for plaintiff had examined and passed for cause the first twelve jurors on the *voir dire* examination, defendant's counsel (other than counsel representing defendant on this appeal) made the following statement to the court before proceeding with his examination of such jurors: "May it please the court, counsel and gentlemen of the jury: I believe during the trial of this case there are going to be some matters developed and in fairness to the court and jury, I advise the jury now that this defendant in this case, Mr. Heidel, carries liability insurance on his automobile with the Continental Casualty Company, that is, at the time of this accident. It is alleged in the complaint he carries liability insurance insuring him against any negligence with which he might be charged. "After he made this statement, in addition to the usual questions asked on a *voir dire* examination, he interrogated and inquired of each of the twelve jurors passed for cause, and ten others, whether they had any bias or prejudice for or against insurance companies, and whether the fact that there was an insurance company in the case defending defendant would prejudice them either for or against him.

Thus it may plainly be seen that the first mention of insurance in the case was made by the defendant's counsel. No question had been asked on that subject by plaintiff's counsel in his opening examination of the jurors he had passed for cause. No one could fairly say that insurance was not well and definitely in the case before the examination of witnesses ever started, or before plaintiff's alleged misconduct occurred. The usual prejudicial effect attributed to the mention of insurance in a case

and so often chargeable against a plaintiff was obviated here by the earlier statements and queries of the adverse party. What error there was on the part of plaintiff's counsel was harmless, to say the least, and certainly not prejudicial. If later on plaintiff took advantage of this field of examination opened by the defendant—while possibly not proper nor pertinent—defendant cannot now be heard to complain, he having first injected the erroneous subject into the case. (*Pascoe* v. *Nelson,* 52 Mont. 405, 158 Pac. 317; *Doheny* v. *Coverdale,* supra; 5 C. J. S., Appeal and Error, sec. 1501, p. 173.)

It is apparent that the court entertained the same view with relation to the injection of the insurance matter into the case that we have set forth here. By one of the instructions the jury was advised that the fact that defendant carried liability insurance was not to be considered in any manner. It instructed the jury that the insurance company was not a party to the action and that the jury could not find for the plaintiff unless it was found by a preponderance of the evidence that the defendant was guilty of negligence, and that such negligence was the proximate cause of the injuries to plaintiff. It will thus be observed that the court assumed that the insurance matter had come into the case properly. The court was, however, careful to see that the jury did not misunderstand the matter and that they were not allowed to take into consideration the fact of the insurance.

Since respondent did not have the *voir dire* examination included in the settled bill of exceptions, appellant should not be taxed with the cost incident to the preparation of the supplemental transcript. It is an expense which is properly chargeable against the respondent by reason of her failure to amend the proposed bill of exceptions in such a way as to include, as was her right, the *voir dire* examination of jurors in the original draft of the transcript.

Judgment affirmed.

MR. CHIEF JUSTICE SANDS and ASSOCIATE JUSTICES ANDERSON, MORRIS and ANGSTMAN concur.