NATIONAL SURETY CORPORATION, APPELLANT, *v.*
KRUSE ET AL., RESPONDENTS.

No. 8724.

Submitted November 18, 1947.   Decided March 17, 1948.

192 Pac. (2d) 317.

Messrs. Weir, Clift & Bennett, Mr. Newell Gough, Jr., and Mr. E. K. Matson, all of Helena, for appellant. Mr. Gough argued the cause orally.

Mr. R. V. Bottomly, Atty. Gen., and Mr. Clarence Hanley, Asst. Atty. Gen., for Kruse and others. Mr. Hanley argued the cause orally.

Mr. J. D. Taylor, of Hamilton, for M. L. Barr.

MR. JUSTICE CHOATE delivered the opinion of the court.

National Surety Corporation, plaintiff below, brought action against defendants under sections 9835.1-9835.16, Revised Codes of Montana 1935. The purpose of the action was to procure a declaratory judgment as to plaintiff's rights and obligations under a bond which it had executed as surety for M. L. Barr, a wholesale produce dealer, as such rights might be affected by a certain order of the commissioner of agriculture of the state of Montana (hereinafter designated as the commissioner), relating to a controversy between defendants M. L. Barr and T. B. Reagan over the purchase of apples.

The case was submitted to the district court upon the pleadings and an agreed statement of facts of which the following is a brief summary of those material herein:

Plaintiff as surety and defendant M. L. Barr as principal had executed to the state of Montana a bond, under which Barr was operating as a wholesale dealer in agricultural products under sections 2443.1-2443.16, Revised Codes of 1935. During the term of the bond, defendant Reagan filed a claim with the com-

missioner alleging that defendant Barr had failed to pay him the sum of $367.75 due him as the purchase price of a quantity of apples which Reagan had sold to him. After due notice, a hearing was held on said complaint before said commissioner, resulting in an order by the commissioner that defendant Barr and plaintiff National Surety Company "shall pay T. B. Reagan $367.75."

Both Reagan's complaint and the findings and order of the commissioner are set forth at length in the record. Thereafter plaintiff instituted this action for a declaratory judgment for the purposes hereinabove indicated. Following the making of findings of fact and conclusions of law, the court rendered a declaratory judgment of which the validity of paragraphs VI and VII, reading as follows, is assailed by the plaintiff on this appeal:

"VI. That to avoid a multiplicity of suits, and there being no dispute as to the facts herein and this court having jurisdiction of all the parties, this court now has jurisdiction to give and make declaratory judgment in favor of the said defendant Reagan and against the said defendant Barr in the sum of $367.75 and interest thereon at the legal rate from and after the 15th day of March, 1945.

"VII. That the plaintiff herein, National Surety Corporation, is liable upon its bond to the defendant T. B. Reagan in the amount of $367.75 and interest thereon at the legal rate from and after the 15th day of March, 1945."

Appellant's brief contains no specifications of error and its appeal is from the judgment as a whole. We are therefore compelled to rely solely on the argument of counsel in their briefs for a statement of the errors which they claim.

We think this case would warrant the application of section 9751, Revised Codes of Montana 1935, which provides as follows: "Whenever the record on appeal shall contain a bill of exceptions or statement of the case properly settled, setting forth any order, ruling, or proceeding of the trial court against the respondent, affecting his substantial rights on the appeal

of said cause, together with the objection and exception of such respondent properly made, and reserved, settled, and allowed in such bill of exceptions or statement, the supreme court on such appeal shall consider such orders, rulings, or proceedings, and the objections and exceptions thereto, and shall reverse or affirm the cause on said appeal according to the substantial rights of the respective parties, as shown upon the record. And no cause shall be reversed upon appeal by reason of any error committed by the trial court against the appellant, where the record shows that the same result would have been attained had such trial court not committed an error or errors against the respondent.''

True, no cross assignment of error was made by respondent, but neither did appellant make any assignment of error. Having excused the lack of assignment by one, the same consideration should be extended to the other.

The controlling question before the court on this appeal is whether the district court had jurisdiction to enter as a part of its judgment paragraphs VI and VII thereof in which it pronounced a declaratory judgment in favor of Reagan and against Barr in the sum of $367.75 and also a declaratory judgment that the plaintiff National Surety Corporation is liable to the defendant Reagan on its bond in said amount.

Validity of paragraphs VI and VII of declaratory judgment. This action was brought for the purpose of having a court determine by declaratory judgment the effect of a certain decision and order made by the commissioner regarding the liability of defendant Barr and his surety, plaintiff herein, for payment for a quantity of apples sold by Reagan to Barr. Examination of the agreed statement will show that no factual question was presented which would give the court the right to determine the question of liability for the price of the apples as between the defendants Barr and Reagan.

The rule in Montana as well as in other jurisdictions, seems to be well settled that a judgment must be based on a verdict or findings of the court and must be within the issues

presented to the court. In Morse v. Morse, 116 Mont. 504, 154 Pac. (2d) 982, 984, this court said: " 'There is no principle of law more firmly established than that the judgment must follow and conform to the verdict, decision, or findings in all substantial particulars.' 33 C. J. [1169], sec. 106; Butte Electric Ry. Co. v. Mathews, 34 Mont. 487, 87 Pac. 460.''

In order to sustain paragraphs VI and VII of the declaratory judgment in this case, the district court must first have made findings of fact upon which the portions of the judgment referred to could be based. No such findings exist in the record and it does not appear that any such issues were contemplated by the parties or that any attempt was made to present them to the lower court.

In 16 Am. Jur., 338, section 71, the law is stated as follows: "It has been held, however, that where the parties stipulate for the submission of certain questions, the court will not pass upon a question not embraced within the stipulation filed.''

Bancroft's Code Practice and Remedies, Volume 3, page 2305, section 1765, states the law as follows: "But the judgment must be limited to the relief demanded or such as is within the issues. A judgment entirely outside the issues made by the pleadings or the evidence is void. It must conform to the pleadings and proof.''

To the same effect is 49 C. J. S., Judgments sec. 55. This same rule applies to the entry of judgments under the declaratory judgments Act.

Anderson on Declaratory Judgments, section 189, page 565, says: "The rule with respect to the requirements of findings of fact and conclusions of law in declaratory judgment actions is substantially the same as control such findings and conclusions in ordinary actions at trials before the court * * *. It is a familiar rule of adjective law that findings of fact must conform to and be supported by the pleadings in the case, and cannot go outside of the issues formulated by the pleadings upon which the ultimate conclusion is reached.''

Not having any facts before it, either from admissions in the

pleadings, or in the agreed statement of facts, as to the merits of the controversy between Reagan and Barr, and no issue thereon having been submitted to it in this action for declaratory judgment, the court could not depart from the case made by the pleadings and statement of facts to determine a matter entirely beyond and outside the issues of the case before it. (16 Am. Jur. 338; Bancroft's Code Practice and Remedies, Vol. III, sec. 1765, p. 2305; City of San Diego v. Cuyamaca Water Co., 209 Cal. 105, 287 Pac. 475; Reynolds v. Stockton, 140 U. S. 254, 11 S. Ct. 773, 35 L. Ed. 464; Anderson on Declaratory Judgments, p. 565.)

We therefore hold that since paragraphs VI and VII of the judgment rendered by the court herein were entirely outside the issues of the case before the court, and since they were not supported by any evidence or admitted facts tending to establish the liability of Barr or his bondsman to pay Reagan, the district court was without jurisdiction to enter said paragraphs of its declaratory judgment.

Authority of Commissioner. The trial court held in paragraph IV of its judgment that the decision and order of the commissioner Kruse did not create, establish or adjudicate any legal liability in any sum or amount in favor of Reagan and against Barr. As we understand it the effect of this holding is to declare that the commissioner had no authority to order Barr to pay Reagan the said sum of $367.75.

It should be remembered that the court did not have the evidence before it which was before Kruse.

So far as we know Barr may have admitted that he owed Reagan that amount. If that were so there could be no valid objection to the commissioner's order. There is reason to believe that Barr did not dispute the fact that he owed this amount to Reagan because he did not see fit to attempt to take an appeal from the order.

Whether, had the commissioner made the order in question on conflicting evidence, he would have been exercising judicial power, we need not decide here. We will not decide a con-

stitutional question unless it is necessarily involved and necessary to a decision.

If under any conceivable facts the order is valid, then we must, where as here, the record is not before us, assume that the facts were such as to justify the making of the order.

The statute, sec. 2443.8, provides that "in the event dealer fails to make informal adjustment or settlement of the charges set forth" in a complaint, the commissioner of agriculture shall give notice of a formal hearing. After the hearing he may dismiss the charges, suspend the license for a specified period, revoke the license, or "make such other appropriate order as may be deemed just and proper." And the order automatically suspends the license until the order is complied with.

Certainly if a dealer admits that he owes a seller a certain amount of money as the purchase price of produce, the commissioner may order it paid to the end that the license shall be suspended until the order is complied with. One of the conditions of the bond is "for the payment, when due, of the purchase price of produce purchased by him."

In our opinion the court erred in holding in effect that the commissioner did not have the authority to order Barr to pay Reagan the sum of $367.75.

The cause is remanded to the lower court with directions to eliminate paragraphs VI and VII of its declaratory judgment and said judgment is reversed in so far as paragraph IV or any other part thereof determines that the commissioner of agriculture had no authority to order defendant Barr to pay defendant Reagan the sum of $367.75, with interest, involved in this action.

Associate Justices Angstman and Metcalf concur.

MR. CHIEF JUSTICE ADAIR (dissenting):

First: Appellant's brief contains no specification of errors. It does not comply with the provisions of subdiv. c of Section 3 of Rule X of the Rules of this Court, which require that the appellant's brief "shall contain, in the order here stated, the following: * * * c. A specification of the errors relied upon,

separately numbering and setting forth each error intended to be urged. * * *'' Failing to comply with such rule under the settled and uniform practice of this court, the only disposition which we can properly make of the appeal ''is to affirm the judgment * * * without discussion of the merits.'' Rehberg v. Greiser, 24 Mont. 487, 489, 62 Pac. 820, 63 Pac. 41; Rogness v. Northern Pac. Ry. Co., 59 Mont. 373, 196 Pac. 989.

Second: Neither the district court nor this court acquired any jurisdiction to inquire into or to determine the correctness of the proceedings had before the commissioner of agriculture or of the decision made by him therein.

The statute specifically provides for an appeal to the district court by any party affected by the decision of the commissioner of agriculture, sec. 2443.11, Rev. Codes. Neither the plaintiff, National Surety Corporation, nor any other party took any appeal from the commissioner's decision. Thus by failing to exercise their right of appeal did the parties to the proceeding waive their right to subsequently challenge ''the lawfulness of the original order or decision of the commissioner.'' Sec. 2443.11, Rev. Codes.

Four months after the time for taking an appeal had expired, the plaintiff, National Surety Corporation, filed an independent suit in the district court seeking to have that court inquire into and determine the correctness of the proceedings before the commissioner and the lawfulness of his order and decision, and to render a declaratory judgment all on a most fragmentary partial record containing none of the evidence introduced and but little of the proceedings before the commissioner.

It is fundamental that an appellate or reviewing court will not put in error the tribunal (judicial or administrative) wherein the original proceedings were had on a partial record. Francis v. Heidel, 104 Mont. 580, 586, 68 Pac. (2d) 583.

A party to a proceeding may not permit his time to appeal from an adverse order or decision to expire and thereafter obtain relief from such order or decision through an independent action for a declaratory judgment. It was not intended that an

action for a declaratory judgment should be a substitute for an appeal or that it should be employed as a method for destroying a proper exercise of power in a former proceeding or as a justification for collateral attacks on former decisions. Phelps County v. City of Holdrege, 133 Neb. 139, 274 N. W. 483.

The independent suit for a declaratory judgment so instituted by National Surety Corporation failed to invest the district court with jurisdiction to inquire into or to determine the correctness of the proceedings had before the commissioner of agriculture or of the decision made by him therein.

The appeal taken by National Surety Corporation to this court from the judgment of the district court, void for want of jurisdiction, wholly fails to invest this court with any jurisdiction to inquire into or determine the correctness of the proceedings or "the lawfulness of the original order or decision of the commissioner" from which no appeal was taken by any one. Sec. 2443.11, Rev. Codes.

The Facts. Pursuant to express authority conferred upon it by the Constitution of Montana, art. XVIII, Sec. 1, the legislative assembly created the Department of Agriculture, Labor and Industry, sec. 3555, Rev. Codes, and provided that the commissioner of agriculture shall be the chief executive officer of such department, sec. 3556, Rev. Codes.

The department is charged with the duty and responsibility of enforcing all the laws of the state relating to the protection and regulation of horticulture in the state, sec. 3608, Rev. Codes.

Among the powers conferred and the duties imposed upon the department are the following:

"1. To encourage and promote, in every practicable manner, the interests of agriculture, including horticulture and apiculture, * * * and all other allied industries. * * *

"5. To co-operate with producers and consumers in devising and maintaining economical and efficient systems of distribution, and to aid in whatever way may be consistent or necessary in accomplishing the reduction of waste and expense incidental to marketing. * * *

"8. To investigate the practices and methods of factors, commission merchants, and others who receive, solicit, buy, sell, handle on commission or otherwise, or deal in * * * vegetables, or other farm products, to the end that the distribution of such commodities through such factors, commission merchants, and others shall be efficiently and economically accomplished without hardship, waste or fraud." Section 3561, Rev. Codes 1935.

In 1933 the legislative assembly enacted the Produce Wholesalers' License Law, Chapter 164, Laws of 1933, now sections 2443.1 to 2443.16, Rev. Codes 1935. The title of the Act, so far as is here material, reads: "An Act Defining, Licensing and Regulating Dealers at Wholesale * * * Outlining the Procedure to Obtain a License; * * * Fixing the Amount of Bonds and Defining the Conditions Thereof; Providing for * * * the Keeping of Records and the Report of Shippers by Dealers; *Providing for Appeals from Action of the Commissioner and How Appeals May be Taken;* * * * Imposing Certain Duties and Conferring Certain Powers Upon the Commissioner of Agriculture and Prescribing Penalties for Violation of This Act." [Emphasis supplied.]

"Manifestly, the purpose of the state was to prevent certain evils incident to the business of commission merchants in farm products by regulating it." Payne v. State of Kansas ex rel. Brewster, 248 U. S. 112, 39 S. Ct. 32, 33, 63 L. Ed. 153, 155.

The Act has for its obvious purpose the protection of the growers and producers against the fraudulent conduct and acts of unconscionable persons who, representing themselves to be cash buyers, purchase and receive products and, having done so, wilfully fail or refuse to pay for the same upon demand and in accordance with the terms and conditions of their purchase. The statute in so providing in no wise interferes with the freedom of contracts and works no deprivation of either liberty or property. People v. Perry, 212 Cal. 186, 298 Pac. 19, 76 A. L. R. 1331.

Section 2 of the Act, sec. 2443.2, Rev. Codes, requires a

person to obtain a license to engage in the business of a dealer in produce at wholesale.

Section 4 of the Act, sec. 2443.4, Rev. Codes, requires that the application for license be in writing and provides that: "Before issuing any license * * * the commissioner shall require the applicant to execute and file with him a good and sufficient bond to the state of Montana in an amount * * * not less than one thousand dollars ($1,000.00). * * * Said bond to be executed by the applicant as principal and a surety company authorized to do business in this state as surety * * * conditioned for the faithful performance of his duties as a dealer at wholesale; for the observance of all laws relating to the carrying on of the business of a dealer at wholesale; *for the payment, when due, of the purchase price of produce purchased by him;* for the prompt reporting of sales as required by law to all persons consigning produce to the dealer as licensee for sale on commission *and the prompt payment to persons* entitled thereto of *the proceeds of such sales* less lawful charges, disbursements and commission. Such bond shall cover all wholesale produce business transacted in whole or in part within the state of Montana." [Emphasis supplied.]

M. L. Barr, on written application made, was issued a license by the commissioner of agriculture authorizing him to engage in the business of a dealer in produce at wholesale and before the issuance of such license, he filed with the commissioner a surety bond in the penal sum of $1,000 in favor of the state of Montana, conditioned as provided in section 2443.4, Rev. Codes, and executed by Barr as principal and by National Surety Corporation, a corporation, as surety.

Section 8 of the Act, sec. 2443.8, Rev. Codes, in part provides: "For the purpose of enforcing the provisions of this act, the commissioner * * * upon verified complaint against any dealer * * * shall have full authority to, and must make any and all investigations he deems necessary * * * upon the filing of a verified complaint against any dealer, it shall be the duty of the commissioner to have personal service made on said dealer

or to mail by registered mail a complaint, or a copy of the verified complaint against said dealer, and in the event dealer fails to make informal adjustment or settlement of the charges set forth therein, to the satisfaction of the commissioner, the commissioner shall give notice of the time and place of a formal hearing thereon. Notice of any hearing shall be given at least twenty (20) days prior thereto and said hearing shall be held in the city or town in which the transaction complained of is alleged to have occurred.''

Proceeding Before Commissioner. On January 17, 1945, T. B. Reagan of Corvallis, Montana, pursuant, to section 8 of the Act, sec. 2443.8, Rev. Codes, filed with the commissioner of agriculture his verified complaint against the principal M. L. Barr and his surety, National Surety Corporation, charging that there was then due, owing and unpaid to the complainant Reagan from the licensed wholesale dealer Barr a balance of $385.25 for apples purchased by Barr from complainant under an agreement entered into by the parties on or about October 18, 1944.

Upon the filing of the complaint with him the commissioner of agriculture made service thereof in the manner provided in section 8 of the Act, sec. 2443.8 Rev. Codes, but the dealer Barr failed to make adjustment or settlement, informal or otherwise, of the charges so made against him in Reagan's complaint.

The commissioner of agriculture thereupon fixed the time and place of a formal hearing on the charges made in Reagan's complaint and gave the dealer Barr twenty days' prior notice thereof in manner and form as provided in section 8 of the Act. Sec. 2443.8, Rev. Codes.

At the time and place so set therefor a formal hearing was had before the commissioner who heard all parties and their evidence, and thereupon the commissioner on March 15, 1945, made his decision and order incorporating therein his findings and conclusions.

The commissioner's decision and order, omitting therefrom the findings and conclusions, is as follows:

"Before the Commissioner of Agriculture, Labor and Industry
of the State of Montana

| T. B. Reagan of Corvallis, Montana, | Decision |
| Complainant, | and |
| vs. | Order. |
| M. L. Barr of Corvallis, Montana | |
| and the National Surety Corporation, | |
| Defendants. | |

    \*      \*      \*      \*      \*      \*      \*

It Is Therefore Ordered and Adjudged, that M. L. Barr, Corvallis, Montana, and the National Surety Corporation shall pay T. B. Reagan Two hundred eighty-five dollars and 25/100 ($285.25) for One hundred sixty-three (163) boxes of apples frozen in the Barr garage or storage facility and Eighty-two dollars and 50/100 ($82.50), the difference between the agreed price of One Dollar and 50/100 ($1.50) on Three hundred thirty (330) boxes, making a total of Three hundred sixty-seven dollars and 75/100 ($367.75).

Dated at Helena, Montana, this 15th day of March, 1945.

Albert H. Kruse
Commissioner of Agriculture,
Labor and Industry."

The last paragraph of section 2443.8, Rev. Codes, provides: "At the time and place appointed for such hearing, the commissioner shall hear all parties and their evidence and thereupon the commissioner shall dismiss the charges, or suspend the license of said dealer for a specified period, or revoke the same, or make such other appropriate order as may be deemed just and proper; any order shall specify the effective date thereof and any order other than the one suspending or revoking a license shall automatically suspend such license until such order is complied with."

Provisions for Appeal. Section 2443.11, Rev. Codes, provides that any party affected by the commissioner's decision may appeal to the district court therefrom. Such appeal must be taken within thirty days after the rendition of the decision by the

commissioner. No appeal was taken from the commissioner's order herein and the time for taking an appeal expired. Thus the commissioner's order became and is final.

Proceeding in District Court. On August 22, 1945, being more than five months after the rendition of the decision by the commissioner and more than four months after the statutory time for filing an appeal had expired, sec. 2443.11, Rev. Codes, National Surety Corporation, as plaintiff, commenced an entirely new action by filing in the district court of Missoula county a complaint against three defendants, namely, the principal M. L. Barr, the apple grower T. B. Reagan and the commissioner of agriculture Albert H. Kruse, seeking to review the proceedings theretofore had before the commissioner on Reagan's complaint against Barr, the principal, and National Surety Corporation, his surety.

In its complaint National Surety Corporation avers that the commissioner of agriculture and T. B. Reagan, each claims that the commissioner's order of March 15, 1945 creates a joint and several obligation on the part of M. L. Barr as principal and plaintiff as surety on the bond to pay T. B. Reagan the sum of $367.75 specified in said order but: (1) that the commissioner was without authority or jurisdiction to make the order; (2) that the order creates no obligation binding on the principal "to pay to defendant T. B. Reagan the sum of $367.75 or any other sum"; (3) that the order creates no obligation binding on the surety to pay Reagan said sum; (4, 5) that the commissioner has no power or jurisdiction to enforce execution of said order as a money judgment against the principal or the surety; (6) that the order is not in legal effect an adjudication of rights or obligations as between Reagan and Barr as to whether money is owing by Barr to Reagan or upon the amount of money that may be owing from Barr to Reagan and (7) that the order is not an adjudication of the rights or obligations as between the principal and the surety on the bond.

Thus does the National Surety Corporation complain that it is adversely affected by the commissioner's order requiring that

it, as surety, and Barr, as principal, on the statutory bond executed by them "shall pay T. B. Reagan" $367.75.

Section 11 of the Act, sec. 2443.11, Rev. Codes, provides for an appeal from the decision of the commissioner and that, "within twenty (20) days after notice thereof any party affected thereby may appeal to the district court of the judicial district of the state of Montana, in and for the county in said state *wherein said transaction occurred or the dealer may have his place of residence* * * * and said appeal shall be for the purpose of having the lawfulness of the original order or decision of the commissioner inquired into and determined."

Thus appeal is the means specifically provided by law "of having the lawfulness of the original order or decision of the commissioner inquired into and determined" and not the commencement of an independent action such as this wherein the plaintiff National Surety Corporation "prays judgment herein for a declaration of its rights and obligations to the several parties defendant with respect to said surety bond, as determined by the matters and facts set forth in this complaint and the law applicable thereto."

Section 9 of the Act, sec. 2443.9, Rev. Codes, provides: "The commissioner shall keep a full and complete record of all proceedings and hearings had before the commissioner of any formal hearing, and all testimony produced before the commissioner shall be taken down by a stenographic reporter appointed by the commissioner, and the party shall be entitled to be heard in person or by attorney. In case of an action to review any order or decision of the commissioner a transcript of such testimony together with all exhibits and of the pleadings, records, and proceedings in the cause shall constitute the record."

Section 12 of the Act, sec. 2443.12, Rev. Codes, provides: "Said appeal shall be taken by serving a written notice of said appeal on the commissioner, which said service shall be made by the delivery of a copy of such notice to said commissioner and filing the original with the clerk of the court to which said appeal is taken. * * *

"Immediately upon service upon said commissioner of said notice the said commissioner shall certify to said district court *the entire record of proceedings including all testimony and evidence taken by said commissioner,* with the clerk of said district court. *Upon said appeal said district court shall act as a court of review.''* [Emphasis supplied.]

Instead of supplying the district court with "the entire record of proceedings including all testimony and evidence taken'' as provided in sections 9 and 12 of the Act, sections 2443.9 and 2443.12, Rev. Codes, the plaintiff National Surety Corporation sought to have the district court inquire into and determine the lawfulness of the order and decision of the commissioner and his authority and jurisdiction to make same upon a most imperfect and incomplete record containing none of the testimony and none of the evidence taken by the commissioner and no record of the proceedings taken down by a stenographic reporter as required by section 2443.9, Rev. Codes.

No testimony whatever was introduced in the district court and the matter was submitted to the court for decision upon: (a) Plaintiff's complaint; (b) amended answer of the defendant Albert H. Kruse; (c) answer of M. L. Barr, and (d) agreed statement of facts executed by plaintiff's attorneys and the attorney general representing the defendant Albert H. Kruse as commissioner of agriculture. The agreed statement was not executed by the defendants T. B. Reagan or M. L. Barr or by the attorney or agent of either. The defendant T. B. Reagan made no appearance in the district court and his default was entered.

The principal M. L. Barr took no appeal from the order made against him and in favor of the complainant T. B. Reagan in the proceeding before the commissioner. Barr likewise took no appeal from the judgment given and entered against him in the district court and he is not before this court nor represented herein. It would appear from the record before this court that the principal M. L. Barr was neither disappointed nor dissatisfied with either the order made by the commissioner or

the judgment made and entered against him in the district court. By his non-action the principal M. L. Barr has become bound by the commissioner's order and, failing to make payment when due of the purchase price of the produce which he purchased from Reagan in the amount of $367.75, he is in no position to question the right or authority of his surety to pay the debt as required by the provisions of both the bond and statute, sec. 2443.4, Rev. Codes.

Jurisdiction. Had Barr, the principal, and National Surety Corporation, as surety on his bond, taken a timely appeal from the order and decision of the commissioner, such appeal would have conferred jurisdiction upon the district court to "act as a court of review", sec. 2443.12, Rev. Codes, and inquire into and determine "the lawfulness of the original order or decision of the commissioner." Sec. 2443.11, Rev. Codes 1935. However, they failed to take an appeal and thus exercise their right to have the district court review the proceedings, order and decision.

In Meznarich v. Republic Coal Co., 101 Mont. 78, 53 Pac. (2d) 82, 84, this court held that under sections 2948 and 2959, Rev. Codes, similar to section 2443.12, Rev. Codes, the "review" mentioned is by appeal to the district court and then to the supreme court and that, "when the board renders its decision *denying* a claim for compensation and thus ending the matter in dispute, the order or decision becomes final, conclusive, and res adjudicata on failure of the aggrieved party to take an appeal within time, and this is so whether the decision is on a question of law (citing case) or on the merits." (Citing case.) See also Willis v. Pilot Butte Min. Co., 58 Mont. 26, 190 Pac. 124; Dosen v. East Butte Copper Min. Co., 78 Mont. 579, 596, 254 Pac. 880; Shugg v. Anaconda Copper Min. Co., 100 Mont. 159, 46 Pac. (2d) 435.

A declaratory judgment action is not a substitute for an appeal. It is not a method of destroying proper exercise of power in a prior proceeding. It may not be employed to procure a second trial between the same parties on the identical issues in

different forums. "A declaratory judgment cannot be employed to perform the function of review for the purposes of reversing and annulling previous orders made in a proceeding." Anderson, Declaratory Judgments, p. 629. Neither will a declaratory judgment lie to determine whether or not a former adjudication was correctly made. Anderson, Declaratory Judgments, p. 601.

"No case is cited, nor has our search revealed one in which it has been held that the right of action for a declaratory judgment is a substitute for an appeal." Ex parte State ex rel. Lawson, Atty. Gen., 241 Ala. 304, 2 So. (2d) 765, 767.

In Huson v. Richard B. Brown, Inc., 90 Misc. 175, 154 N. Y. S. 131, the court had before it section 284 of the Agricultural Law of New York which, like the Montana Act, provides that every applicant for a license to do business as a commercial merchant in farm produce shall, before the issuance thereof, "execute and deliver to the commissioner of agriculture a fidelity bond with satisfactory sureties in the sum of three thousand dollars to secure the honest accounting to the consignor of the moneys received by such commission merchant for the sale of * * * farm produce sold on commission." The action was on a bond given pursuant to such statute and the court held that the principal, by giving the statutory bond, waived his right to question the validity of the statute and that the surety stood in no better position than its principal. To the same effect, see: Musco v. United Surety Co., 196 N. Y. 459, 90 N. E. 171, 134 Am. St. Rep. 851; United States v. R. L. Dixon & Bro., Inc., D. C., 36 F. Supp. 147; Texas Underwriters v. Martinal, Tex. Civ. App., 140 S. W. (2d) 582, 585; English Freight Co. v. Knox, Tex. Civ. App., 180 S. W. (2d) 633; United States v. Hawthorne, D. C., 31 F. Supp. 827, affirmed in 5 Cir., 115 F. (2d) 805. Compare: Crosby v. State Board of Hail Insurance, 113 Mont. 470, 129 Pac. (2d) 99; Colvill v. Fox, 51 Mont. 72, 149 Pac. 496, L. R. A. 1915F. 894.

The original action for a declaratory judgment so commenced by the plaintiff surety company failed to invest the district court with jurisdiction to "act as a court of review", sec. 2443.12,

Rev. Codes, or to inquire into or determine the lawfulness of the commissioner's order and decision there being a special statutory method provided for such inquiry, namely by appeal. "Where * * * a *special statutory* method for the determination of the particular type of case has been provided, it is not proper to permit that issue to be tried by declaration. This would amount to ousting of its jurisdiction a statutory court prescribed for the particular case, and it was not intended that a declaration should be employed for such a purpose." Borchard, Declaratory Judgments, 1934 Ed., pp. 156, 157. See also Lambert v. Smith, 216 Ind. 226, 23 N. E. (2d) 430; Oldham County ex rel. Woolridge v. Arvin, 244 Ky. 551, 51 S. W. (2d) 657; Shea v. North-Butte Mining Co., 55 Mont. 522, 179 Pac. 499.

To confer jurisdiction upon the district court, to review the proceedings had before the commissioner of agriculture and to inquire into and determine the lawfulness of his order, an appeal should have been taken from such order. Since no appeal was taken the district court acquired no jurisdiction to review the proceedings before the commissioner or the order made by him.

The appeal from the judgment of the district court cannot and does not invest this court with jurisdiction on the record before us to inquire into the proceedings had before the commissioner. In other words, the appellant, National Surety Corporation, is in no better position to here question the lawfulness of the commissioner's order than it was when in the district court in an independent action seeking a declaratory judgment.

The order of the commissioner may not be ignored nor may it be collaterally attacked. The principal and the surety, having failed to take an appeal are now in no position to complain of the order. Their duty is to comply with it.

Mr. Justice Gibson (dissenting).

I am of the opinion that the only order which the commissioner of agriculture has jurisdiction to make when complaint is made to him in disputes between a licensed wholesale produce dealer and a grower or producer, is to "dismiss the charges, or suspend the license of said dealer for a specified period, or revoke the

same, or make such other appropriate order as may be deemed just and proper.'' So reads the statute, section 2443.8, Revised Codes of Montana 1935.

Applying the recognized rules of statutory construction, it appears that the ''other appropriate order,'' which the commissioner may make, is an order ''with reference to the revocation or suspension of any license granted under the provisions of this act.'' The maxim ''noscitur a sociis'' expresses the rule that the meaning of words may be indicated or controlled by those with which they are associated. It is the rule that general words and expressions may take color from those with which they are associated and are restricted to a sense analogous to the less general. Misch v. Russell, 136 Ill. 22, 26 N. E. 528, 12 L. R. A. 125.

Thus, the ''other appropriate order'' following the orders enumerated relative to the revocation of the dealer's license, takes the color of an order in some manner affecting the license and is read as ''other such like order.'' People ex rel. Barnett v. Bartlett, 169 Ill. App. 304; In re Bush Terminal Bldgs. Co., 2 Cir., 93 F. (2d) 659. As held by the district court, such general language does not empower the commissioner to give judgment between parties in controversies where either would be entitled to a jury trial if pending in a court. Furthermore the only appeal from an order of the commissioner which the statute affords is from the action of the commissioner ''with reference to the granting of, or the refusal to grant, or to renew any license or with reference to the revocation or suspension of any license granted under the provisions of this act.'' Sec. 2443.10, Rev. Codes 1935. This clearly implies that such are the only orders which the commissioner may make.

True it is that the scope and field of power and authority granted by legislative bodies to administrative boards, bureaus, commissioners, and officials, in these later years of greater control and regulation of the ordinary contract relations within the community, has largely widened. The granting of portions of the judicial or quasi-judicial power to such administrators is

upheld where the determination of a controversy is incidental to the regulatory function of the administrative body, but not when it is primarily to determine and decide questions of legal right between private parties; then the power is held to belong to the judiciary. Re Opinion of Justices, 87 N. H. 492, 179 A. 344, 357, 110 A. L. R. 819.

However, a consideration of the question how much of judicial power may be constitutionally vested by the legislature in an administrative officer is not required here. The reading of the statute seems to be all that is necessary to determine what power has been given by it. The controversy between the producer Reagan, and the wholesaler, Barr, involved an alleged breach of an alleged contract on the part of the wholesaler. The statute does not grant to the commissioner the judicial power to pass upon the existence, or the validity, of the alleged contract, or the amount of damages arising by reason of its alleged breach. I believe the district court was correct in holding that the order of the commissioner was not one within his power to make. The surety company was not notified of the hearing on Reagan's complaint against Barr and was not a party thereto.

As claimed by the surety, appellant here, before it may safely pay Reagan the amount of the damages he claims for the alleged breach of Barr's alleged contract, a valid judgment against Barr must be entered in a court of competent jurisdiction for the amount of such damage, whatever it may be. The surety must then pay if the principal fails to do so.

Because the judgment of the district court was outside the issues as defined in the pleadings and agreed statement of facts, and because it is not supported by any evidence, or any admitted facts, it should be reversed, and declaratory judgment entered that the order of the commissioner that Barr and appellant pay Reagan the sum named therein be held invalid as an order beyond the power vested in the commissioner by the statute.

Rehearing denied May 3, 1948.