No. 87-534

IN THE SUPREME COURT OF THE STATE OF MONTANA

1988

IN RE THE CUSTODY OF
C. S. F., a minor child.

APPEAL FROM: District Court of the Fourth Judicial District,
In and for the County of Missoula,
The Honorable Douglas Harkin, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Joseph M. Goldman, Missoula, Montana

For Respondent:

Datsopoulos, MacDonald & Lind; Dennis E. Lind,
Missoula, Montana

Submitted on Briefs: April 7, 1988

Decided: June 2, 1988

Filed: JUN 2 1988

*Ethel M. Harrison*

Clerk

Mr. Justice John C. Sheehy delivered the Opinion of the Court.

The custody of CSF, a minor child, has been the subject of proceedings in the District Court, Fourth Judicial District, Missoula County, since 1982. The father resides in California and the mother in Montana.

The first order of the District Court pertaining to custody was a temporary one, entered January 14, 1983. Joint custody was awarded with the provision that the child should reside with the mother, subject to a visitation schedule for the father, set out in the temporary order. On August 20, 1984, the father and mother entered into a joint custody agreement which was filed in the District Court proceedings. On July 3, 1986, the District Court entered an order stating that "the joint custody agreement of the parties shall be the order of the court on all issues addressed therein, including, but not limited to custody, child support . . ."

In 1987, both father and mother filed motions before the District Court seeking modification of one sort or another relating to the joint custody agreement and the July 3, 1986 order of the District Court. On June 1, 1987, the District Court entered orders denying the father's motion for a full summer visitation; denying the father's motion to eliminate child support during summer months; ordering that May 1, 1987 remain part of the agreement for a notification date; denying the mother's motion to increase child support; and ordering that child support be paid through the clerk of the court as per the agreement.

The mother filed a motion for reconsideration by the District Court of the June 1, 1987 order. The District Court on June 30, 1987 denied the mother's motion for

reconsideration, but in passing, made the following statement:

> It was not the intention of the June 1, 1987, order to allow [father] to accumulate all unused visitation. It was the agreement of the parties that visitation would accumulate only if there was a "refusal of Mother or because of scheduling conflicts" and not as a device to acquire visitation not originally scheduled.
>
> . . .
>
> If [mother] refuses to accumulate the visitation days requested by [father] his remedy is to petition the court for an appropriate order . . .

On July 13, 1987, following the apparent suggestion by the District Court in its order denying reconsideration, the father moved the court to determine the number of days of visitation he was entitled to as an accumulation for days denied to him through the mother or by scheduling conflicts.

Hearing before the District Court on the father's motion for accumulated visitation was held on July 28, 1987. After the District Court heard testimony on the motion, the following colloquy occurred between the court and counsel:

> THE COURT: Of this year. Let me look--you know what I am going to look at, don't you? The agreement. We'll see what it says.
>
> Father shall have visitation only in the even-numbered years for Labor Day and July 4th. This is an odd-numbered year, so the mother has July 4th.
>
> I am ready to rule in this case and the evidence I have heard indicates to me that you have the right to accumulate six days. When would you like to do that? Would it be convenient to take it now or be better to do it sometime before school starts?
>
> . . .

THE COURT: So it would be 5, 6, 7, 8, 9, 10 and then, that would be the end of his visitation and the child would be returned the evening of the 10th. Is that agreed, [father's counsel]?

(FATHER'S COUNSEL): That's all right.

THE COURT: All right. Would you prepare a written order to this effect, [mother's counsel]?

[MOTHER'S COUNSEL]: I will, Your Honor.

THE COURT: Court's adjourned.

On September 3, 1987, the District Court signed an order which had been prepared by the mother's counsel. Paragraph 1 of the order followed the request of the District Court as to the number of accumulated days of visitation to which the father was entitled. The order included a second paragraph, which, however, in words and figures follows:

2. In order to prevent an annual dispute and hearing with respect to accumulated visitation under the terms of the Joint Custody Agreement dated the 20th day of August, 1984, and in clarifying the intent of said Agreement, the parties are ordered as follows:

a. Father shall provide to the Court and to the mother a work schedule and his choice of an every other weekend visitation schedule in order to accommodate his work schedule so as not to conflict with his alternating weekend visitation schedule. The schedule shall commence, in accordance with the Joint Custody Agreement, after Labor Day Weekend of each year and shall conclude on or before Memorial Day Weekend of the following year. Said schedule shall be provided to the Court and to Mother on or before September 10, 1987 and on or before August 15th of each year thereafter.

b. Because of the geographical distance and necessity for travel arrangements, Father shall provide written notice to the mother ten days prior to exercising visitation of the schedule of travel times and related arrangements for the minor child. Father shall provide written notice to the mother

- 4 -

ten days prior to any weekend the father anticipates or recognizes a scheduling conflict, informing the mother of the conflict and providing written documentation specifying the reasons and appropriate details of the conflict. If no written notice regarding visitation is received, it shall be assumed the father does not have a scheduling conflict but chooses not to exercise visitation.

c. Pursuant to the terms of the August 20, 1984 Joint Custody Agreement, scheduling conflicts created by the necessity of father having to work on a regularly scheduled visitation weekend shall as a first option be rescheduled to the father's next available weekend. If an available weekend does not exist, the scheduling conflict shall be rescheduled or accumulated in accordance with the terms of the Agreement.

d. Mother shall provide written notice to the father ten days prior to any weekend that mother anticipates or recognizes a scheduling conflict, informing the father of the conflict and specifying the reasons and appropriate details of the conflict.

The Court once again re-emphasizes to the parties that the specific Agreement and Custodial Visitation Schedule as set forth in the Joint Custody Agreement of August 20, 1984, shall be strictly adhered to and the Court shall enforce said Agreement consistent with the Memorandum and Order of the Court dated June 30, 1987, incorporated herein by reference, which Order and Memorandum sets forth the Court's interpretation of said Agreement.

Thereafter, counsel for the father moved the District Court for reconsideration and amendment of the order or for a new hearing on the grounds that the order was inconsistent with the findings of the court, inconsistent with the joint custody agreement of the parties, outside of the issues before the court with respect to the father's motion for accumulated leave, and entered without giving father an opportunity to present witnesses and cross examination with

respect to the new matters covered in the order. The motion for reconsideration of amendment and new hearing was denied and the father appeals to this Court.

The single issue presented on appeal is whether that portion of the order of September 3, 1987, designated as paragraph 2, supra, is valid.

The father contends on appeal that the District Court exceeded its jurisdiction in paragraph 2 of the September 3, 1987 order by addressing issues which were res judicata, which exceeded the intent of the District Court in its direction to the mother's counsel, and which constituted an abuse of discretion because not supported by findings of fact.

In response, mother's counsel counters that the testimony showed hostility between the father and mother with respect to visitation, scheduling difficulties that gave rise to increasing hostility, and the need for clarification in the agreement to eliminate conflicts. In addition, the counsel for mother contends in brief that the District Court itself provided counsel further instructions after the hearing had been concluded. The brief states:

> Although the hearing was concluded, the court provided further instructions to counsel to include specific notices and disclosure in the order. The court included these provisions in an effort to preclude and prevent unnecessary and repeated court hearings and confrontations between the parents with respect to the court's interpretation of the accumulated visitation provision of the custodial visitation agreement. The court additionally requested specific reference to its memorandum and order of June 30, 1987 . . .

The order of September 3, 1987, is a substantial departure in its provisions from the order requested by the District Court at the conclusion of its hearing, which was simply to provide specific dates for accumulated visitation

to the father. If we assume from the statements in the mother's brief that the further provisions in the September 3, 1987 order were added under the specific instructions of the District Court, outside the presence of father's counsel, the problem is not cured. Whether the resultant order is because of the voluntary addition by mother's counsel, or by the express ex parte direction of the District Court, it is a standard rule that a court is bound in entering a judgment or final order to the issues presented to it. In National Surety Corporation v. Kruse (1948), 121 Mont. 202, 205, 192 P.2d 317, 319, we said:

> The rule in Montana as well as in other jurisdictions, seems to be well settled that a judgment must be based on a verdict or findings of the court and must be within the issues presented to the court. In Morse v. Morse (1945), 116 Mont. 504, 154 P.2d 982, 984, this Court said:
>
> "There is no principle of law more firmly established than that the judgment must follow and conform to the verdict, decision, or findings in all substantial particulars. (Citing authority.)"

The single issue before the District Court at the July 28, 1987 hearing was the amount of accumulated visitation, if any, that the father was to have of the minor child. The effect of the oral order of the District Court at the conclusion of that hearing, and its request to mother's counsel, was simply to frame an order encompassing the stated visitation dates for the father. The matters contained in the subsequent order of September 3, 1987, in paragraph 2, are not supported by findings, though the order modifies, in several respects, the original joint custody agreement between the parents, which the District Court declared on July 3, 1986, would govern all subjects relating to visitation. Indeed, during the July 28, 1987 hearing on the motion for accumulated visitation, the court repeatedly

brought counsel back to the terms of the agreement to focus on the issues then before it. A judgment or final order adjudging matters outside the issues raised by the pleadings is so far void. Welch v. All Persons, etc. (1927), 78 Mont. 370, 254 P.2d 179. In Old Fashion Baptist Church v. Department of Revenue (1983), 206 Mont. 451, 457, 671 P.2d 625, 628, we said:

> A district court does not have jurisdiction to grant relief outside of the issues presented by the pleadings unless the parties stipulate that the other questions be considered or that the pleadings are amended to conform to the proof. (Citing authority.) In National Surety Corporation [(1948), 121 Mont. 202, 192 P.2d 317], this Court recognized that "the rule in Montana as well as in other jurisdictions seems to be well settled that a judgment must be based on a verdict or findings of the court and must be within the issues presented to the court. This rule was clearly upheld in Heller, 162 Mont. at 188, 510 P.2d at 16 (emphasis in original).

Under the rule in Welch, supra, that portion of the District Court's September 3, 1987 order relating to accumulated leave is valid, but the remaining portion, being outside the issues, is void. We therefore, in this case, reverse the decision of the District Court refusing to amend its order or to grant a new hearing. That portion of the District Court judgment dated September 3, 1987 relating to accumulated visitation is upheld, but that portion designated as paragraph 2 is found and held by us to be void and of no effect.

Justice

We Concur:

Chief Justice

- 8 -

John Conway Harrison

R. C. Gulbrandson

William E Hunter

_(signature)_

A. C. McDonough

Justices