JUSTICE HUNT
delivered the Opinion of the Court.
This is an appeal from the Ninth Judicial District Court, Toole County, Montana. The appellant mother appeals the District Court’s award of joint custody with the respondent father in which respondent was designated primary residential custodian of the minor child, C.J.K. We reverse and remand.
The following issue is dispositive of this case:
Was the issue of primary physical custody of C.J.K. properly before the District Court?
On July 24, 1990, C.J.K. was born to appellant and respondent after a one-year relationship in which the parties resided together but were never married. Prior to the birth of C.J.K., there were four other children born to appellant from a previous marriage, and one child from a previous relationship. C.J.K. is respondent’s only son.
Several months after the birth of C.J.K., the parties separated and have since lived apart. Because of this separation, it was necessary to determine custody and support issues for C.J.K. Appellant filed a petition for custody and support on March 12,1991, which requested that there be “joint care, custody and control”; that she be the custodial parent; and that respondent be granted reasonable rights of visitation. Respondent filed a response and counterpetition on June 27,1991, which requested split custody until C.J.K. reached the age of five, at which time respondent would be granted primary physical custody. On February 21,1992, the parties went to trial on the issues of custody and support of C.J.K. During trial, respondent moved for an order that he be granted immediate primary custody of C.J.K. *527 Counsel for appellant immediately made a motion to stay or continue the proceedings on the basis of surprise.
Was the issue of primary physical custody of C.J.K. properly before the court?
In his response and counterpetition, respondent specifically requested that appellant be designated primary physical custodian for eight months of the year, and that he be designated primary physical custodian for only four months of the year until C.J.K. reaches age five. No mention was made of respondent being designated primary physical custodian before C.J.K. reached the age of five.
After the conclusion of appellant’s case-in-chief, respondent unexpectedly requested immediate primary physical custody. This was the first time appellant was put on notice that respondent sought immediate custody and that she might lose her right to custody.
The purpose of a pleading is to provide notice before trial to the opposing party of the specific relief being sought so that both parties have an opportunity to present evidence on the issues in dispute. Gallatin Trust Bank v. Darrah (1968), 152 Mont. 256, 261, 448 P.2d 734, 737. The requirement that all issues to be tried must be raised in the pleadings is extended to child custody disputes byin re Custody of C.S.F. (1988), 232 Mont. 204, 209, 755 P.2d 578, 581.
An exception to the requirement that all issues to be tried must be raised in the pleadings, is set out in Old Fashion Baptist Church v. Department of Revenue (1983), 206 Mont. 451, 457, 671 P.2d 625, 628:
A District Court does not have jurisdiction to grant relief outside of the issues presented by the pleadings unless the parties stipulate that other questions be considered or the pleadings are amended to conform to the proof.
The parties may “stipulate” or consent to consideration of issues outside of the pleadings expressly or impliedly. Butte Teachers’ Union v. Board of Trustees (1982), 201 Mont. 482, 486, 655 P.2d 146, 148. In the case at bar, respondent argues that since appellant raised the issue of primary physical custody in her petition and he specifically contested the issue, in essence, appellant expressly consented to trial on this issue. We disagree.
Respondent, in his responsive pleading, set out the parameters of the dispute which did not include a request that he be granted primary physical custody at the present time. Appellant never expressly consented to trial on any issue except that which was discussed in the responsive pleading.
*528 Concerning the issue of implied consent, we have stated that “pleadings will not be deemed amended to conform to the evidence because of “implied consent” where the circumstances were such that the other party was not put on notice that a new issue was being raised.” Darrah, 448 P.2d at 737. In the case at bar, appellant did not receive adequate notice before trial, and therefore, could not impliedly consent to consideration of the new issue of whether or not respondent be granted immediate primary physical custody. Appellant’s adamant objection to the consideration of this issue, and her claim that she was “caught off-guard” by this “eleventh-hour change in attack” is in no way indicative of implied consent.
Because of lack of notice, possible prejudice to appellant must be considered. Respondent’s unexpected request denied appellant adequate opportunity to prepare her case thereby denying her due process of law.
We conclude that the determination of primary physical custody was not properly before the District Court.
Reversed and remanded for further proceedings in accordance with this opinion.
CHIEF JUSTICE TURNAGE, JUSTICES GRAY, TRIEWEILER, McDONOUGH and WEBER concur.