JUSTICE COTTER
dissents.
¶39 I concur with the majority’s conclusion as to Issue 2. However, I respectfully dissent from the majority’s conclusions as to Issue 3, and *69 Issue 1 to the extent the District Court exceeded the scope of Pengra’s Motion for an Ex Parte Order.
¶40 In Pengra’s filings to the court, she requested an Ex Parte Order immediately suspending Nelson’s visitation rights, and further moved the District Court to set a hearing to make the suspension permanent. She requested an additional hearing in six months to determine whether supervised visits could then renew. At no time did Pengra request sole custody of Sawyer. In its order granting the immediate suspension, the District Court explained that Pengra “requested a hearing to make the suspension permanent until further evidence was established.”
¶41 The District Court concluded that concerns for Sawyer’s safety warranted immediate suspension of visitation between Nelson and Sawyer until the various professionals could be heard, and scheduled a hearing to take place approximately two weeks later. There was no notice from either the court or Pengra that Pengra could be granted sole custody of Sawyer or that Nelson’s visitation rights could be permanently suspended without means for re-evaluation.
¶42 In its order suspending visitation permanently, the District Court went beyond the relief Pengra had originally requested. The District Court suspended all physical contact between Nelson and Sawyer indefinitely. Although Pengra had initially asked the court to later hold a hearing to review Nelson’s progress and determine if visitation could then be re-instituted, the court did not make any such provision in its Final Order, instead granting Pengra the sole right to decide what, if any, contact Nelson could ever have with Sawyer in the future. Considering the extensive animosity between these parents, this order in effect terminated Nelson’s rights of visitation, as it is extremely unlikely Pengra will ever agree to allow visitation of any kind.
¶43 Moreover, although not specifically mentioned in the majority Opinion, the District Court also granted Pengra sole custody of Sawyer, even though she had not requested such relief.
¶44 “In marital cases, as in other cases, the essential elements of due process are notice and an opportunity to be heard.” In re Marriage of Huotari (1997), 284 Mont. 285, 291, 943 P.2d 1295, 1299 (a father’s right to procedural due process was denied when a district court went beyond the matter before it) (citation omitted). “[I]f a permanent change in custody appears to the court to be necessary, then due process requires that an application be made for that purpose and proper notice of such application be given.” State ex rel. Shelhamer v. District Court (1972), 159 Mont. 11, 15, 494 P.2d 928, 930 (in a *70 proceeding for nonsupport and contempt, it was error for the court to change custody provisions). The requirement that all issues to be tried must be raised in the pleadings applies to child custody disputes, and a District Court does not have jurisdiction to grant relief outside of the issues presented by the pleadings, without agreement of the parties. Matter of Custody of C.J.K. (1993), 258 Mont. 525, 527, 855 P.2d 90, 91 (issue of immediate primary physical custody of a child was not properly before the court for its ruling) (citations omitted).
¶45 Neither Pengra’s motion, nor the notice of hearing alerted Nelson that he stood to lose both his right of joint custody and his right of continuing visitation with his son on a permanent basis. While the majority concludes that Nelson’s due process arguments were waived for his failure to raise them below, the fact is that the District Court orders exceeding the relief sought by Pengra were not entered until June 8, 2000, over a month after the hearing which was held to address only the relief sought by Pengra. Moreover, we have consistently held that “a natural parent’s right to care and custody of a child is a fundamental liberty interest, which must be protected by fundamentally fair procedures.” In re J.N., 1999 MT 64, ¶ 12, 293 Mont. 524, ¶ 12, 977 P.2d 317, ¶ 12 (citation omitted). Nelson was not accorded fundamentally fair procedures here, and I would not conclude he has waived his right to those procedures.
¶46 I would reverse the District Court’s order and remand for a full hearing, requiring Pengra to set forth specifically in her pleadings the relief she seeks, and giving Nelson a full opportunity to present evidence and argument against the prospect of a change in custody and the permanent suspension of his visitation rights.
JUSTICES RICE and TRIEWEILER concur in the foregoing dissent.