No. 12295

IN THE SUPREME COURT OF THE STATE OF MONTANA

1972

---

THE STATE OF MONTANA ex rel. JON REEDER WICKS,

Relator,

-vs-

THE DISTRICT COURT OF THE TENTH JUDICIAL DISTRICT OF
THE STATE OF MONTANA, IN AND FOR THE COUNTY OF FERGUS,
AND THE HONORABLE LEROY L. MCKINNON, JUDGE,

Respondent.

---

Original Proceedings.

Counsel of Record:

For Appellant:

Robert L. Johnson argued, Lewistown, Montana 59457.
William E. Berger, Lewistown, Montana 59457.

For Respondent:

T. P. Cowan, Deputy County Attorney, Lewistown, Montana
William A. Spoja argued, County Attorney, Lewistown,
Montana 59457.
Robert L. Woodahl, Attorney General, Helena, Montana 59601.
J. C. Weingartner, Assistant Attorney General, Helena,
Montana 59601.

---

Submitted: June 30, 1972.

Decided: JUL 7 - 1972

Filed: JUL 7 - 1972

*Thomas J. Kearney*

Clerk

Mr. Justice Frank I. Haswell delivered the Opinion of the Court.

Relator Jon Reeder Wicks, defendant in criminal cause #2800 in the district court of Fergus County, seeks a writ of supervisory control from this Court suppressing certain evidence and dismissing the case against him in the district court.

On February 22, 1972, the deputy county attorney of Fergus County filed a complaint under oath against Wicks charging him with the criminal sale of marihuana to one Michael Hunter on or about October 21, 1971. The justice of the peace issued a warrant of arrest for Wicks. Subsequently on the same day, the Fergus County sheriff apprehended and arrested Wicks about 6:00 p.m. on a gravel road about four miles west of Lewistown. Wicks was driving his car accompanied by James Langford and Russell Fairbairn. After arresting Wicks and his two companions, searching their persons, and placing them in two sheriff's cars, the sheriff searched the front seat area of Wicks car and found a black bag allegedly containing marihuana and hash pipes under the front seat. The sheriff took the black bag and its contents into custody, called a wrecker and towed the Wicks car into Lewistown, and jailed Wicks and the two occupants of his car. Subsequently a search warrant was issued authorizing a search of the car and a residence in Lewistown.

Two days later an information was filed directly in the district court, pursuant to leave of court, charging Wicks with two felonies: (1) Having in his possession more than 60 grams of marihuana on February 22, 1972 (the contents of the black bag), and (2) selling marihuana to Michael Hunter on October 21, 1971. Eight days later on March 3, 1972, the county attorney dismissed the second charge involving the sale of marihuana to Michael Hunter.

Thereafter Wicks entered a plea of not guilty to the remaining charge of possession of marihuana and filed two motions:

(1) For an order suppressing from evidence the marihuana seized from defendant's car on the basis that it was the product of an unlawful search and seizure by the sheriff. (2) For an order dismissing the charge on the basis that it was filed without probable cause and was founded on an invalid warrant of arrest and an unlawful search and seizure.

An evidentiary hearing was held on these motions and thereafter both were denied by the district court. This application for review and reversal of these rulings by writ of supervisory control followed.

The state contends that the marihuana found under the front seat of defendant's car was discovered and seized as an incident to a lawful arrest upon probable cause. Defendant contends otherwise.

In our view, the decision in this case turns on whether Wicks' arrest was lawful or not. This arrest was the fountainhead from which everything else flowed, and without which there is no case against Wicks.

At the outset, it is clear that the legality of Wicks' arrest must be measured in terms of an arrest by a peace officer with a warrant. The sheriff's testimony indicates he arrested Wicks on the basis of the warrant, and the sheriff's return on the arrest warrant indicates the arrest was made pursuant to the warrant. The sheriff's testimony that he would have arrested Wicks anyway without a warrant based on undisclosed information given to him by unidentified informers whose reliability is undisclosed, furnishes no basis for validating Wicks' arrest.

Section 95-603, R.C.M. 1947, provides that a complaint, as the basis of an arrest warrant, shall be in writing; that "the court shall examine upon oath the complainant and may also

examine any witnesses"; and, if the contents of the complaint and the examination of the complainant and other witnesses, if any, disclose "that there is probable cause to believe that the person against whom the complaint was made has committed an offense", an arrest warrant shall be issued.

Measuring the facts of this case against these statutory requirements, it is clear that probable cause was not shown for the issuance of a warrant of arrest for Wicks. The complaint of the deputy county attorney, under oath, discloses nothing more than the bald conclusion that Wicks sold a quantity of marihuana to Hunter on a certain date some four months previously, in violation of section 54-132, R.C.M. 1947, of the Dangerous Drug Act.

Evidence at the hearing disclosed that neither the complainant nor the justice of the peace could remember whether the complainant was examined under oath; the docket in the justice court does not indicate that the complainant or anyone else was so examined, it simply shows that the complaint was filed and the arrest warrant issued.

Michael Hunter, an undercover narcotics agent to whom the marihuana was allegedly sold by Wicks on October 21, 1971, which formed the basis of the complaint on which the arrest warrant was issued, testified that he "did not purchase drugs from Jon Wicks directly"; that the source of the drugs he purchased "could have come from anybody in town"; that he told an attorney in Bozeman that he "had no drug purchases from Jon Wicks"; and, that a recital in a statement to Wicks' attorney to the effect that Hunter had "at no time bought drugs from Jon Wicks" contained no error whatsoever. Subsequently this charge on which the arrest warrant was issued was dismissed in the district court on motion

of the county attorney. The foregoing evidence destroys any presumption that might otherwise exist that official duty has been regularly performed as required by section 93-1301-7(15), R.C.M. 1947, and Petition of Jones, 143 Mont. 19, 386 P.2d 747.

The showing of "probable cause" required for issuance of a warrant of arrest is similar and analogous to the showing of "probable cause" required for the issuance of a search warrant. Such requirements are set forth in Petition of Gray, 155 Mont. 510, 473 P.2d 532. As applied to the facts of this case, such showing must disclose facts which will enable the magistrate to make a judicial determination of the existence of probable cause and undisclosed information possessed by law enforcement officers is irrelevant.

In the instant case it appears that complainant was not examined under oath; that no showing of "probable cause" was made to the magistrate who issued the arrest warrant; and, that an absence of "probable cause" was demonstrated by defendant. Accordingly, the arrest warrant was invalid and the subsequent search and seizure unlawful.

The motion of defendant to suppress the use in evidence of the black bag allegedly containing marihuana is granted. The motion of defendant to dismiss cause #2800 in the district court of Fergus County is likewise granted.

_____
Associate Justice

We concur:

_____
Chief Justice

_____

_____

_____
Associate Justices