No. 12306

IN THE SUPREME COURT OF THE STATE OF MONTANA

1972

---

ANNE E. STENBERG,

Plaintiff and Appellant,

-vs-

CARL M. STENBERG,

Defendant and Respondent.

---

Appeal from: District Court of the Eleventh Judicial District,
Honorable Robert S. Keller, Judge presiding.

Counsel of Record:

For Appellant:

Korn, Worden, Walterskirchen & Christiansen,
Kalispell, Montana.
Gary L. Christiansen argued, Kalispell, Montana.

For Respondent:

M. Dean Jellison argued, Kalispell, Montana.

---

Submitted: November 29, 1972

Decided: JAN 12 1973

Filed: JAN 12 1973

Thomas J. Kearney

Clerk

Mr. Justice Wesley Castles delivered the Opinion of the Court.

This is an appeal from a judgment entered in a divorce action in the eleventh judicial district, county of Flathead. Plaintiff Anne E. Stenberg brought the action seeking a divorce and alimony, division of property, attorney fees and various other relief. Defendant husband Carl M. Stenberg answered and counterclaimed for divorce. The cause was tried by the court sitting without a jury. A divorce was granted to both parties but no alimony was granted to the wife. Plaintiff appeals only on the fact that she was not given an alimony settlement; she does not appeal the granting of the divorce.

The parties were married at Kalispell, Montana on May 28, 1957; the wife was 42 and the husband 62. No children were born as issue of the marriage, although each had children by a previous marriage. These children were grown and not dependent upon either of the parties at the time of the divorce. Both parties testified to alleged misconduct of the other party during the 14 year marriage. Suffice to say that the marriage experienced turbulent periods, prior to the time of final separation and divorce.

During the course of the trial, each party prepared and filed an affidavit setting forth their financial position. The affidavits show the wife has substantially no money on which to live and has been on county welfare assistance since the separation. On the other hand, the husband has around $180 per month income from a veteran's pension and Social Security; he owns a 73 acre farm which is leased out on a share-crop basis, but has substantial value. This farm has a small mortgage on it, but the trial court found its value would be between $25,000 and $30,000, clear of all encumbrances. Testimony at trial revealed the wife/suffers from a hearing problem and arthritis, and she is not in a position to obtain work.

The trial court upon hearing the evidence granted a divorce to both parties, but did not award the wife any alimony settlement.

Post trial motions were filed and argued, but all were denied by the trial court. The wife now brings this appeal on the grounds the trial court erred on the question of alimony.

Appellant presents three issues for review. The major issue is whether the trial court was correct in its ruling on the question of alimony.

It was clearly demonstrated the wife has no income and a net worth of only a few hundred dollars, consisting of items of personal property. She has few marketable skills and suffers from physical disabilities which severely limit the possibility of future employment. For these reasons, she is at present forced to exist on welfare and has become a charge of the state.

The husband has only a small income from Social Security and a veteran's pension which would not permit him to make a monthly payment to the wife and still have sufficient to live on himself. Yet, he does have a valuable asset, a 73 acre farm worth approximately $30,000. He testified that to obtain the divorce he would have gone "quite a ways" in providing support. At one time, he testified his willingness to give her $6,000. In a post trial memorandum his counsel indicated a willingness to provide some small amount for her care.

Recently, there have been a number of cases decided by this Court on the question of property settlement arising out of divorce. This particular case would seem to be distinguishable from these recent cases and the ones cited by both counsel. Here, we are dealing with the problem of alimony only; it is not a question of dividing up the property of the marriage. The question is---under what circumstances is alimony granted?

The trial court in its ruling stated the view that alimony is based on the economic status of the wife; that she has not bettered herself during the marriage as the husband has; and therefore, the husband will have to bear the burden of financial care of the wife. But, the court found that this particular marriage was more of a business arrangement for both parties.

The wife had a place to live, and the necessities of life would be supplied by the husband, working to supply the items they both would need. The court maintained the wife brought nothing into the marriage, and was going out the same way, her position had not changed during the marriage.

The trial court's reasoning is difficult to find fault with, but this woman is certainly leaving the marriage with less than when she entered it. She is 14 years older; she cannot find employment due to physical infirmities she did not have when she entered the marriage. Further, she has contributed by helping on the farm, by aiding in the building of an addition to the farm home, and other additions to the farm property. The husband knew when he entered the marriage that his wife came into the marriage with nothing, no assets, and he should have known he was going to have to take care of his wife for her lifetime. She was his wife and performed the domestic duties and he must have been aware that she could not earn a living with what skills she had.

Now, at this time, the husband and wife cannot live together, the marriage has ended. The husband is going to be allowed to keep all his property. The wife is told that since she entered this marriage with nothing, putting aside the fact that she worked for 14 years helping with his farm, she will not receive any type of help. To put it bluntly, the effect of the trial court's ruling is to make the ex-wife a public charge.

In a case such as this, alimony should be granted if possible so that the wife will not become a ward of the state. It is a question of whether the taxpayers of Flathead County should pay for living expenses of this woman or should the man who married her 14 years ago and promised to love, honor and cherish her till death would end the relationship. The husband clearly has that duty and he will be required to pay for the support of his wife, within his ability.

Section 21-139, R.C.M. 1947, provides that a husband may be required to provide support for the wife. In a situation, such as here, when the divorce is granted to both parties authority for allowing an alimony settlement is provided in Burns v. Burns, 145 Mont. 1, 8, 400 P.2d 642. There this Court observed that to deny alimony under the facts might result in "leaving the appellant at large in the community without means of support."

The district court felt that under existing law it could not grant alimony payment to the wife. It remains the obligation of the husband to support the wife so that she will not become a burden on the public. While the trial court felt existing law would not allow a gross amount as alimony under these circumstances, we extend the law of Burns and hold that such alimony should be allowed.

Appellant's second issue for review is that an indigent person has the constitutional right to a transcript on appeal in a civil matter without prepayment of costs. This is a question of constitutional rights given to indigent appellants. For that issue to be properly raised before this Court an individual, proceeding in forma pauperis, must have been denied a copy of the transcript without paying any of the costs. That has not happened in this case and appellant does not have standing to assert the issue. In National Surety Corp. v. Kruse, 121 Mont. 202, 207, 192 P.2d 317, this Court said:

> "We will not decide a constitutional question
> unless it is necessarily involved and necessary
> to a decision."

Here, the constitutional question raised is not necessarily involved, therefore we will not discuss it.

Appellant's final issue concerns the costs of this action and attorney fees. The husband will be required to pay reasonable attorney fees, as determined by the trial court, and also costs of the action, which includes cost of the transcript.

- 5 -

The cause is remanded to the district court so that a reasonable and appropriate alimony settlement can be made. Costs will be assessed against respondent and the district court shall take any other action which might be necessary, not inconsistent with this opinion.

_Wesley Castles_
Associate Justice

We Concur:

_James T. Harrison_
Chief Justice

_Gene B. Daly_

_Frank I. Haswell_

_John Conway Harrison_
Associate Justices.

- 6 -