No. 12462

IN THE SUPREME COURT OF THE STATE OF MONTANA

1973

———————

THE STATE OF MONTANA, on the relation of
WILLIAM A. DOUGLAS, County Attorney of
Lincoln County,

Petitioner,

-vs-

THE DISTRICT COURT of the ELEVENTH JUDICIAL
DISTRICT of the State of Montana, in and for
the County of Lincoln, and the HON. ROBERT S.
KELLER, District Judge,

Respondents.

———————

ORIGINAL PROCEEDING:

Counsel of Record:

For Petitioner:

William A. Douglas argued, County Attorney, Libby,
Montana

For Respondents:

Joseph F. Daley argued, Kalispell, Montana.

———————

Submitted: March 5, 1973

Decided: MAR 2 6 1973

Filed: MAR 2 6 1973

Thomas J. Kearney
Clerk

Mr. Justice Wesley Castles delivered the Opinion of the Court.

This is an original proceeding in which petitioner, William A. Douglas, county attorney of Lincoln County, seeks vacation of a district court writ of supervisory control issued to the justice court of Libby, Montana.

This matter commenced on December 9, 1972, when Patricia Hughes complained to the justice of the peace of Libby, Montana, that her daughter had been given intoxicating beverages by one Allen Beito. Mrs. Hughes placed under oath by the justice of the peace, told him her fifteen year old daughter had come home at 5:00 a.m. intoxicated. That the intoxicating beverages had been given to her daughter by Allen Beito. Thereupon, the justice drew up a complaint which Mrs. Hughes signed. A warrant was issued for the arrest of Allen Beito. Beito was taken into custody, arraigned, and following his plea of guilty he was sentenced to 90 days in the county jail.

After sentence had been imposed, defendant gave notice of appeal and applied to the district court for a writ of supervisory control. A hearing was held before District Judge Robert S. Keller, and on December 28, the court ordered the judgment of the justice court vacated. He also set aside both the complaint and the warrant of arrest.

The question here is whether there was adequate probable cause to file a complaint and issue a warrant of arrest; and thus whether the district court abused its discretion in setting them aside.

In the order setting aside the complaint and quashing the arrest warrant, the district court judge stated the case of State ex rel. Wicks v. District Court, _____Mont._____, 498 P.2d 1202, 1203,1204, 30 St.Rep. 506, was controlling. A review of that case leads this Court to find that Wicks does not go as far as the district court found. In Wicks, the facts are much different

than those of the instant case. There, the alleged offense had taken place four months before the deputy county attorney sought a warrant of arrest. Here, the distraught mother went promptly to the magistrate with her complaint. In Wicks, neither the deputy county attorney nor the magistrate could remember whether an examination under oath occurred prior to issuing the complaint. Here, the complaint was prepared by the magistrate during a detailed examination of the complainant under oath. In Wicks, this Court said:

> "The complaint of the deputy county attorney, * * * discloses nothing more than the bald conclusion that Wicks sold a quantity of marihuana to Hunter on a certain date some four months previously * * *."

In the instant case there was conclusion made by the magistrate based upon a factual submission given by the complainant.

The second challenge raised to the complaint and arrest warrant by the district court's order, concerns the use of hearsay evidence as a basis for probable cause to issue a complaint. The district court was unwilling to accept the evidence of the mother of the victim, since there was no evidence given by the victim herself, nor anyone who was actually present.

In looking at the question of hearsay and whether it can be used to establish the necessary probable cause, we look to United States Supreme Court cases which deal with the question. Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L ed 2d 723, held that an affidavit may be based upon hearsay and need not reflect the direct personal observations of the affiant. That particular case was dealing with a search warrant; however, as we said in Wicks:

> "The showing of 'probable cause' required for issuance of a warrant of arrest is similar and analogous to the showing of 'probable cause' required for issuance of a search warrant."

It follows that the reasoning of Aguilar would be applicable to the instant case. Hearsay can be used as the basis of probable cause for a complaint and/or arrest warrant.

This concept was further expanded by United States v. Ventresca, 380 U.S. 102, 85 S.Ct. 741, 13 L ed 2d 684, which recognized that a finding of probable cause may be based upon evidence which is not legally competent in a criminal trial and the resolution of doubtful or marginal cases in this area should be largely determined by the preference to be accorded to warrants.

Looking at the facts in the instant case, and the decisions of the United States Supreme Court and this Court, we find there was probable cause to issue the warrant and the arrest was valid.

Petitioner in his application for a writ of supervisory control prayed for relief in defining the latitude permissible in and the limitations upon the process of determining probable cause for issuing a warrant of arrest. In his brief in support of his application for a writ of supervisory control, petitioner argues that a district court is without jurisdiction to exercise supervisory control of lower courts. That issue was not raised in the proceedings of this matter and was not part of the relief asked for by petitioner in his petition to this Court. Since the matter is a question of constitutional law concerning the power and jurisdiction of the district court, we follow our long established practice of not discussing constitutional questions, unless they are necessarily involved or necessary to the decision. National Surety Corp. v. Kruse, 121 Mont. 202, 192 P.2d 317; Stenberg v. Stenberg, ____Mont._____, 505 P.2d 110, 30 St.Rep.50. Accordingly, we will not discuss the constitutional question of the use of a writ of supervisory control by district courts over justice courts.

In reviewing the district court's order, we find the judgment of the justice court was vacated and set aside. This action of the district court is supportable not on the basis of a writ of supervisory control, as argued by petitioner, but on the basis of appeal from the judgment, which defendant also filed.

- 4 -

The district court's order allows defendant a new trial and also allows defendant to change his plea of guilty to not guilty. Such action by the district court is analogous to the power of this Court. The situation is the same as when a defendant would appeal a conviction to this Court, after having plead guilty to the charge. In State v. McBane, 128 Mont. 369, 275 P.2d 218, this Court ordered that a judgment be set aside and allowed the defendant to change his plea from guilty to not guilty. Since that power lies in this Court over the district court, it would follow that a similar power would lie with the district courts over justice courts on appeal.

The order of the district court insofar as it vacates the judgment of the justice court is affirmed; however, that portion of the order which sets aside the complaint and warrant of arrest is reversed.

We issue Supervisory Control and the cause is remanded to the district court for proceedings not inconsistent with this opinion.

_Wesley Castles_
Associate Justice

We Concur:

_James T. Harrison_
Chief Justice

_Frank I. Haswell_

_Gene B. Daly_

_John Conway Harrison_
Associate Justices.

- 5 -