No. 12919

IN THE SUPREME COURT OF THE STATE OF MONTANA

1975

---

MONTANA STATE UNIVERSITY,

　　　　　　　Respondent and Plaintiff,

-vs-

DONALD L. RANSIER,

　　　　　　　Defendant and Appellant.

---

Appeal from: District Court of the Eighteenth Judicial District,
Honorable W. W. Lessley, Judge presiding.

Counsel of Record:

　　For Appellant:

　　　　McKinley T. Anderson, Jr. argued, Bozeman, Montana

　　For Respondent:

　　　　Barry L. Hjort argued, Helena, Montana

---

　　　　　　　　　　　　　　Submitted: May 9, 1975

　　　　　　　　　　　　　　Decided: JUN 9 - 1975

Filed: JUN 9 - 1975

*Thomas J. Kearney*
　　　　　　　　　　　Clerk

Mr. Justice Frank I. Haswell delivered the Opinion of the Court.

This is an appeal from the dismissal of an "appeal" brought by Donald L. Ransier in the district court, Gallatin County. He there challenged an adverse decision of the Traffic Appeals Committee of Montana State University, which assessed four dollars in fines for parking violations on the Bozeman campus. Here, as in the district court, most of the relevant facts have been stipulated to by the parties.

From those stipulations it appears that Ransier was a student at Montana State University in the fall of 1973. On November 8, he received two tickets, one for parking in a restricted area and one for failing to register his vehicle. The tickets, attached to his windshield wiper, contained a warning that the fines would be doubled unless paid by November 15, 1973. Ransier appealed to the Traffic Appeals Committee, which upheld the validity of the tickets. He then proceeded into district court where, following a hearing on the motion, the University's motion for dismissal was granted.

In addition to the foregoing stipulated facts, Ransier alleges that a wheel lock was placed on his vehicle and the hearing before the Traffic Appeals Committee was conducted in closed session, excluding the general public. Counsel for the University refused to stipulate to these alleged facts, but Ransier testified in support of them at the district court hearing. No contradicting evidence or testimony was introduced by the University.

In bringing his appeal to this Court, Ransier raises three issues:

1. Did the University exceed its statutory authority in issuing a ticket for failure to register Ransier's vehicle and in increasing the penalty if the fine was not paid within seven days?

2. Is the statutory grant of authority to promulgate and enforce vehicle registration and parking regulations an unlawful delegation of authority by the legislature?

3. Is the University's procedure for processing tickets violative of the due process requirements of the United States and Montana Constitutions?

The statutes involved are:

Section 75-8503.2, R.C.M. 1947, which provides:

"The regents of the Montana university system, are authorized to make rules and regulations at each unit of the university system concerning the parking and operations of motor vehicles upon the grounds, streets, drives and alleys of each unit."

Section 75-8503.3, R.C.M. 1947, which provides in pertinent part:

"The regents may authorize the president of each unit to:

"(a) Assess fees not to exceed ten dollars ($10) per quarter for parking on campus.

"(b) Assess fines for violations of motor vehicle or parking regulations of each unit in an amount not to exceed one dollar ($1) per offense * * *

" * * *

"(e) Establish a system of appeals at each unit concerning parking violations.

" * * * ."

The registration and parking regulations Ransier allegedly violated were promulgated by the president of Montana State University under the express authorization of the board of regents. They require registration of all students' vehicles parked on campus, as well as designating certain lots for use of restricted classes of students, faculty, and university employees. Violators to be fined one dollar per offense, with late payment of fines constituting a separate offense. The Traffic Appeals Committee, composed of faculty and students appointed by the university president,

- 3 -

is empowered to review the validity of tickets issued for violation of these regulations.

Review of the record discloses no exercise of authority in excess of that provided by the quoted statutes. When a statute grants power in general terms, it includes, by implication, a grant of all powers incidental and necessary to make the general grant effective. Panchot v. Leet, 50 Mont. 314, 146 P. 927; 2A Sutherland, Statutory Construction, 4th Ed., § 55.04. Requiring registration of vehicles parked on campus and limiting the areas in which they may be parked is incident to the general regulation of parking on campus and assessment of fees therefor--powers expressly granted by sections 75-8503.2 and 75-8503.3, R.C.M. 1947.

Similarly, provision that the late payment of a fine constitutes a separate offense is permissible as within powers incident to the general grant of regulatory authority. Accordingly, the one dollar fine assessed therefor is within the monetary limitation of section 75-8503.3(b), R.C.M. 1947.

Having found the regulations which Ransier allegedly violated are within the legislative authorization, we next consider the issue of unauthorized delegation of power. Both the 1889 and 1972 Montana Constitutions require that the powers of one branch of government can not be exercised by another branch. Article IV, Section 1, 1889 Montana Constitution; Article III, Section 1, 1972 Montana Constitution. Any purported delegation by the legislature of powers inappropriate to the recipient branch of government would be clearly unconstitutional.

In Bacus v. Lake County, 138 Mont. 69, 78, 354 P.2d 1056, we held:

> "'Prescribing of penalties is a legislative
> function, and a commission may not be empowered
> to impose penalties for violations of duties
> which it creates under a statute permitting it
> to make rules. However, the legislature may
> validly provide a criminal or penal sanction for

the violation of the rules and regulations which it may empower administrative authorities to enact.' 42 Am. Jur., Public Administrative Law, § 50, p. 355, and authorities cited therein."

There this Court approved the exercise of a quasi-judicial function of county or district boards of health, as well as the rule making powers authorized by the legislature. That ruling was subsequently recognized as controlling in Pattie v. Oil & Gas Conservation Commission, 145 Mont. 531, 402 P.2d 596. We find it to be controlling here as well.

The application of that rule to the instant case is apparent. The legislature empowered the board of regents to promulgate regulations controlling vehicles on campus, and provided a penalty for violations of those regulations. In so doing, there was no unlawful delegation of power. Another case, in point and reaching the same result, is Cohen v. Mississippi State Univ. of Agr. & A. Science, 256 F.Supp. 954, (N.D. Miss. 1966). There, under similar statutory and constitutional provisions, the promulgation and enforcement of registration and parking regulations by a university was upheld over a challenge that it violated separation of powers requirements.

The due process argument raised by Ransier, alleging that his constitutional right to a public hearing before the Traffic Appeals Committee was denied, is best considered in light of a recent U.S. Supreme Court decision: Goss v. Lopez, ____ U.S. ____, 95 S.Ct. ____, 42 L ed 2d 725, 739, 740, (1975), and cases cited therein. Although the court in Goss was dealing with disciplinary proceedings in public high schools, the analysis is pertinent here. The state's authority to regulate conduct in its schools was recognized as broad, but nonetheless limited by certain constitutional safeguards. The limitation applied by the court in Goss was the requirement of due process in the suspension of a student for ten days as a disciplinary measure.

We find the due process requirements of the Fourteenth Amendment to the United States Constitution, and Article II, Section 17, 1972 Montana Constitution, are applicable to the instant facts. However, our inquiry cannot end there. The fundamental requirements of due process have long been recognized as "notice and opportunity for hearing appropriate to the nature of the case." Mullane v. Central Hanover B. & T. Co., 339 U.S. 306, 70 S.Ct. 652, 94 L ed 865. That standard was applied in Goss, where the Court held:

> " * * * due process requires * * * that the student be given oral or written notice of the charges against him, and if he denies them, an explanation of the evidence the authorities have and an opportunity to present his side of the story."

Recognizing that the nature of the due process required depended in some degree on the facts surrounding the charge and the interests involved, the Court went on to say:

> "We stop short of construing the Due Process Clause to require, countrywide, that hearings in connection with short suspensions must afford the student the opportunity to secure counsel, to confront and cross-examine witnesses supporting the charge or to call his own witnesses to verify his version of the incident. * * * To impose in each such case even truncated trial type procedures might well overwhelm administrative facilities in many places and, by diverting resources, cost more than it would save in educational effectiveness."

Here, examination of the constitutional requirements involved and the guidelines apparent in Goss prompts the conclusion that due process requirements have been satisfied by the notice and hearing afforded to Ransier. In so finding, we need not consider the factual dispute involving presence or absence of the public at the hearing. On the uncontroverted facts, the constitutional due process requirements have been satisfied. The full panoply of a trial type procedure is not constitutionally required in a case such as this--traffic fines of only four dollars.

Affirming the district court's dismissal we need not reach the constitutional considerations raised by the University concerning the constitutional status of the board of regents. We recognize the board of regents attained constitutional status under the 1972 Montana Constitution, but definition of that status is unnecessary in the disposition of this appeal. As this Court has often stated, constitutional issues will not be reached if the case may be determined on nonconstitutional grounds. Douglas v. District Court, 161 Mont. 525, 507 P.2d 1055; Stenberg v. Stenberg, 161 Mont. 164, 505 P.2d 110; National Surety Corp. v. Kruse, 121 Mont. 202, 192 P.2d 317.

Affirmed.

_____
                              Justice

We concur:

_____
  Chief Justice

_____

_____

_____
  Justices