JUSTICE NELSON
dissents.
¶46 I dissent to Issues Two and Six. I would reverse and order the charges in this case be dismissed.
¶47 Taking Issue Six first, I disagree with the Court’s discussion at ¶ 37 regarding the complaint. Allum was charged on January 29, 2002, with criminal trespass to property in violation of § 45-6-203, MCA (2001). The substance of the charge, written on the standard ‘Notice to Appear and Complaint” form, states:
that said defendant did purposely or knowingly or negligently commit the offense of criminal trespass to property towit [sic]: refuse to leave bank/area of store when asked.
The complaint is signed by an officer; it is not sworn to.
¶48 As the Court points out, §46-11-102(2), MCA, requires that all offenses not charged in District Court “must be by complaint.” Section 46-11-110, MCA, however, states:
Filing complaint. When a complaint is presented to a court charging a person with the commission of an offense, the court shall examine the sworn complaint or any affidavits, if filed, to determine whether probable cause exists to allow the filing of a charge. [Emphasis added.]
Moreover, §46-11-401, MCA, provides in pertinent part:
Form of charge. (1) The charge must be in writing and in the name of the state or the appropriate county or municipality and must specify the court in which the charge is filed. The charge must be a plain, concise, and definite statement of the offense charged, including the name of the offense, whether the offense is a misdemeanor or felony, the name of the person charged, and the time and place of the offense as definitely as can be *374 determined. The charge must state for each count the official or customary citation of the statute, rule, regulation, or other provision of law that the defendant is alleged to have violated.
(3) If the charge is by complaint, it must be signed by a sworn peace officer, under oath by a person having knowledge of the facts, or by the prosecutor.
The 2001 Legislature amended this statute in such a fashion that there no longer is a requirement that a sworn peace officer sign the complaint under oath. Sec. 1, Ch. 389, L. 2001.
¶49 While it may have been the Legislature’s intention to eliminate the need to have a peace officer sign the complaint under oath, nonetheless, the Legislature did not amend §46-11-110, MCA, which still clearly and unambiguously requires the court to examine “the sworn complaint.” The Court concludes that this language does not require a sworn complaint to be filed, but rather, it requires the court to examine a sworn complaint ‘if’one is filed. The statute does not say that. The statute requires the court to examine affidavits ‘if filed.”But if the only document filed is the complaint, it must be a “sworn complaint.”
¶50 The Court fails to explain how Allum was charged in this case if not by complaint. At least the charging document says he was charged by a “Notice to Appear and Complaint.” And, under §46-11- 102(2), MCA, a “Notice to Appear” will not suffice as a charging document,[1] as that statute requires the filing of a complaint. And, as noted, §46-11-110, MCA, requires that the complaint that is filed must be a “sworn complaint.”
¶51 Under §46-11-401(3), MCA, the peace officer must be a “sworn” officer. Under §46-11-110, MCA, the complaint must be sworn. In amending statutes in piece-meal fashion, the 2001 Legislature confused the statutory scheme.
¶52 The majority holds that a “sworn” complaint does not have to be signed under oath. That conclusion flies in the face of the law and the language. To “swear” means to administer an oath to a person or to take an oath. Black’s Law Dictionary 1461 (7th ed. 1999). A “sworn statement” is one given under oath. Black’s, at 1417. To “swear out” means to make a charge upon oath. Bryan A. Garner, A Dictionary of Modern Legal Usage 863 (2d ed. 1995). ‘Swear” or “sworn” means to *375 utter or take solemnly an oath or to assert as true or promise under oath. Merriam Webster’s Collegiate Dictionary 1190 (10th ed. 1997). Apparently, in Montana, a sworn document, henceforth, does not have to be made under oath. A judge is not to omit what has been inserted into a statute. Section 1-2-101, MCA. The majority have done precisely that here in simply writing out of §46-11-110, MCA, the requirement that a complaint be sworn-i.e., made under oath. The majority is as confused as the Legislature.
¶53 Given, however, that we must apply the statutes in this confused state, the magistrate must examine a sworn complaint for probable cause before allowing the filing of the charges. I know of no way that a complaint can be “sworn” unless the court puts the person signing the complaint under oath first. The magistrate must then examine the complaint for probable cause to allow the filing of the charges. It is undisputed that was not accomplished in this case.
¶54 Even if the Court gets past the hurdle of an unsworn complaint, in Sacco v. High Country Independent Press (1995), 271 Mont. 209, 896 P.2d 411, we dealt with a charging document not unlike the one at issue here. There, the defendant was charged with violating §45-6-301, MCA,
in that said defendant did knowingly or purposely or negligently commit the offense of theft of photo negatives/proof sheets between Oct. 19, 1989 and 28 June 1990 from High Country Independent Press. To wit: wildlife photos.
Sacco, 271 Mont. at 217, 496 P.2d at 416. On that charge we stated:
The complaint, here, sets forth nothing but Dighans’ conclusory statement that Sacco committed the offense of theft of the photo negatives and proof sheets. There was no affidavit of probable cause or other written statement of probable cause before the city judge when the decision was made to issue an arrest warrant nor were there any underlying facts within the body of the complaint itself from which the magistrate could make a judicial determination of the existence of probable cause.
Sacco, 271 Mont. at 218-19, 496 P.2d at 417.
¶55 We then went on to state:
We hold that what appeared on the face of the complaint is an insufficient basis, as a matter of law, upon which to premise a finding of probable cause. [State ex rel. Wicks v. District Court (1972) 159 Mont. 434, 437, 498 P.2d 1202, 1203-04], If the officer simply swears to his bald conclusions that the defendant committed the crime charged without either orally or in writing swearing to the factual basis for those conclusions, the magistrate *376 has no legal basis on which to make the statutorily required finding of probable cause for the issuance of the warrant of arrest or summons (§46-6-201, MCA (1989)).
Sacco, 271 Mont. at 219, 496 P.2d at 417. Here, the officer did not even swear to his bald conclusions.
¶56 Since § 46-11-110, MCA, requires that the court examine the sworn complaint to determine the existence of probable cause, and since there was no sworn complaint here, and, to boot, an inadequate statement from which the court could determine the existence of probable cause, in any event, I would hold that the complaint at issue must be dismissed.
¶57 Finally, while I would not need to reach the issue, I do not agree with our discussion of Issue Two. The court’s instruction was not a correct statement of the law. The jury could have found Allum guilty of entering or remaining (1) “unlawfully in an occupied structure” or, as the Court points out, entering or remaining (2) “unlawfully in or upon the premises of another”-either or both.
¶58 The point is that the jury had to unanimously agree as to which of those charges Allum was guilty. For all we know, three of the jurors may have agreed to (1) and three to (2); maybe two agreed to (1), one to (2) and 3 to both. While there was a general unanimity instruction given, there was no specific unanimity instruction given by the court in this case. State v. Weaver, 1998 MT 167, ¶¶ 22-40, 290 Mont. 58, ¶¶ 22-40, 964 P.2d 713, ¶¶ 22-40.
¶59 While the Court is correctAllum did not raise the specific unanimity issue-we, nevertheless, have held that, where, as here, this instruction is required, it is reversible error for the trial court not to give a specific unanimity instruction sua sponte. Weaver, ¶¶ 22-40.
¶60 It is the judge’s sole duty to properly instruct in all cases. Indeed, we have adopted the rule that £It]he court must instruct the jury properly on the controlling issues in the case even though there has been no request for an instruction or the instruction requested is defective.” Billings Leasing Co. v. Payne (1978), 176 Mont 217, 225, 577 P.2d 386, 391 (emphasis added). This duty cannot be delegated to counsel and is especially important in criminal cases because fundamental constitutional protections are at issue. Billings Leasing, 176 Mont. at 224-25, 577 P.2d at 390-91. Accord Schuff v. Jackson, 2002 MT 215, ¶¶ 38-39, 311 Mont. 312, ¶¶ 38-39, 55 P.3d 387, ¶¶ 38-39. Because Weaver was handed down in 1998, the trial judge in this case knew or should have known of the necessity for a specific unanimity instruction here and faulting counsel does not forgive that lapse. Under Weaver, the failure to give the instruction sua sponte is *377 reversible error.
¶61 A unanimous jury verdict is a fundamental right. Art. II, Sec. 26, Mont. Const.; Weaver, ¶ 26. We are abrogating our own fundamental responsibility to uphold the rights of those accused of a crime by, instead, ignoring the Constitution and genuflecting at the altar of a mere rule of procedure.
¶62 Unfortunately, it is because of decisions like this that the Weaver rule has simply not sunk in with the defense and prosecution bars and the trial courts across the State. See State v. Harris, 1999 MT 115, ¶¶ 9-12, 294 Mont. 397, ¶¶ 9-12, 983 P.2d 881, ¶¶ 9-12 (and ¶¶ 35-41, Nelson, J., concurring); State v. Hardaway, 2001 MT 252, ¶¶ 63-72, 307 Mont 139, ¶¶ 63-72, 36 P.3d 900, ¶¶ 63-72; State v. Pope, 2003 MT 330, ¶¶ 66-69,318 Mont. 383, ¶¶ 66-69,80 P.3d 1232, ¶¶ 66-69 (and ¶¶ 71-78, Nelson, J., concurring). Our decision here to not deal with this obvious, reversible error just gives the practicing bar and the courts one more precedential basis for ignoring the Weaver rule.
¶63 Moreover, the sua sponte addition of the words ‘the necessary” by the court in the jury instruction did nothing to cure this defect. Half of the jurors may have thought that ‘the necessary” elements were found on (1) and the other half on (2). The “necessary elements” of (1) are different than the “necessary elements” of (2). Who knows what all of the jurors agreed to?
¶64 The State, as the Court concedes, must prove every element of a criminal charge beyond a reasonable doubt. In this case, that meant that the jury had to agree that every element of (1) or (2) or both was proven. Without the giving of a specific unanimity instruction we have no way of knowing what “necessary elements” the jury found.
¶65 In spite of this Opinion, I sincerely hope that practitioners do not start using this instruction. It misstates the law. It is, no doubt, confusing to the jury. And, I believe, giving this instruction will eventually require reversal of a future conviction.
¶66 I would reverse and order the charges against Allum dismissed.

 Actually, the ‘Notice to Appear” simply takes the place of an arrest warrant, but here Allum was arrested.